J. V. PARLIN, Plaintiff and Respondent, *v.* MABEL E. HALL and GEORGE BRANDENBURG, Defendants; GEORGE BRANDENBURG, Defendant and Appellant.

**Action—When Lies—Party to Contract—Letter of Credit.**

　　1. Agreement set forth in opinion construed, and *held* not to warrant an action thereon by plaintiff, who was not a party thereto, the agreement not being made for the benefit of plaintiff.

　　2. *Held, further,* that it did not constitute a letter of credit.

BARTHOLOMEW, J., dissenting.

(Opinion Filed April 12, 1892.)

*A*PPEAL from district court, Cass county; Hon. WILLIAM B. McCONNELL, Judge.

*Benton & Amidon,* for appellant.　*Pollock & Scott,* for respondent.

Action by J. V. Parlin against Mabel E. Hall and George Brandenburg on an account for goods sold and delivered to defendant Hall. From a judgment for plaintiff, defendant Brandenburg appeals. Reversed.

Benton & Amidon, for appellant:

The contract sued upon was not made for the benefit of the plaintiff and the rule which allows third persons to sue upon contracts to which they are not parties is of very recent development and as yet obtains only in a few American States. Hare on Contracts, pp. 93 and 171; Pollock on Contracts, p. 200. It has been repudiated in Massachusetts and Michigan. Mellan v. Whipple, 1 Gray 321; Bank v. Rice, 107 Mass. 39; Morrill v. Lane, 136 Mass. 93; Pipp v. Reynolds, 20 Mich. 88; Turner v. McCarty, 22 Mich. 264; Halsted v. Francis, 31 Mich. 112. The

rule which allows third parties to recover upon a contract made for their benefit does not go so far as to hold that every promise made by one person to another, from the performance of which a third party would derive a benefit, gives a right of action to such third party, he being privy neither to the contract or the consideration. Gurnsey v. Rogers, 47 N. Y. 233; Merrill v. Greene, 55 N. Y. 270; Vrooman v. Turner, 69 N. Y. 280; Railroad Co. v. Curtis, 80 N. Y. 219; Bank v. Grand Lodge, 98 U. S. 123; Wright v. Terry, 2 So. Rep. 6; Burton v. Larkin, 13 Pac. Rep. 398; Chung Kee v. Davidson, 15 Pac. Rep. 100; Lorrillard v. Clyde, 25 N. E. Rep. 917.

Pollock & Scott, for respondent:

If the intention of the parties to the instrument could not be determined from the instrument itself evidence to explain it and show how it was acted upon by the parties was proper. 2 Parson on Contracts, 564; Schwartz v. Hyman, 107 N. Y. 562; Bank v. Miles, 73 N. Y. 335; Rindge v. Judson, 24 N. Y. 64. Plaintiff was the real party in interest so far as the guaranty expressed in the contract was concerned, and the one in whose name the action should be prosecuted. Church v. Teed, 120 N. Y. 583. The sale and delivery of the goods by plaintiff under the provisions of the guaranty was a sufficient consideration to uphold the same. Baker v. DaCunha, 126 N. Y. 293. Plaintiff was not bound to give immediate notice to appellant of the sale of the goods. Notice within a reasonable time after such sale was sufficient. Fisk v. Stone, 50 N. W. Rep. 125; Mfg. Co. v. Welch, 10 How. 462. Commercial contracts and letters of guaranty are not to be construed upon the same principles as are bonds and mortgages, but with a more generous interpretation, for the purpose of reaching the understanding and intent of the parties. Bell v. Bruen, 1 How. 170.

The opinion of the court was delivered by

CORLISS, C. J.   The plaintiff and respondent sold groceries to the defendant Mrs. Hall. The defendant Brandenburg was joined with her in the suit to recover the price of these groceries, the plaintiff basing his right to recover against Bran-

denburg on a written instrument. The plaintiff recovered judgment against Brandenburg in the trial court. As the construction of this writing is involved, it is necessary to set it forth in full in this opinion: "This agreement, made and entered into this 29th day of October, A. D. 1887, by and between George Brandenburg, of Wheatland, party of the first part, and Mabel E. Hall, of Casselton, D. T., party of the second part, witnesseth, that whereas, the said party of the first part has agreed to guaranty the grocery bill of said second party, contracted for use on the premises hereinafter described, at any place said second party may select to trade, not exceeding the sum of two hundred ($200) dollars in any one season during the continuance in force of a certain agreement dated this day for the purchase of section twenty-two (22) in township one hundred and forty (140) north, and range fifty-three (53) west, the said bill not to exceed one hundred dollars ($100) between April 1st and August 1st, and one hundred dollars from August 1st to the completion of the harvest; and said first party has agreed that he will assist said second party to pay the labor bill in seeding and harvesting the crop on said land aforesaid, with the exception of the labor of said Mabel E. Hall and George R. Hall, her husband: Now therefore, in consideration of the premises, said Mabel E. Hall hereby agrees to pay to said first party all the sums which he pays on said guaranty and advances in pursuance of this agreement, with interest thereon at twelve per cent. from date of such payment by him. Witness my hand and seal, this 29th day of October, A. D. 1887. MABEL E. HALL. [Seal.] GEORGE R. HALL. [Seal.] GEO. BRANDENBURG. [Seal.]"

We fail to see how plaintiff can maintain any action on this agreement. He is not a party to it; neither does it appear to be made for his benefit. It is not a letter of credit. It comes within no definition of such a letter as such letters are defined in the cases or in our statute. See §§ 4312-4316, Comp. Laws; 13 Amer. & Eng. Enc. Law, 237, 238. There is nothing upon its face to indicate that Mrs. Hall was to take this instrument to any person for the purpose of securing credit on the strength thereof. If there was any ambiguity in the contract

it would be proper to look into the surrounding circumstances to discover the purpose of the parties, but the meaning of the agreement is too manifest to warrant extrinsic explanation. It is not even an agreement with Mrs. Hall on the part of Brandenburg to guaranty her grocery bill. It merely recites that such a contract has been made with her in explanation and to limit the scope of the agreement which follows, to pay twelve per cent. interest from date of payment on all sums which Brandenburg should pay because of such recited guaranty. There is not a line, word, or syllable in the instrument expressing any present agreement on the part of Brandenburg to do anything; not even an agreement with Mrs. Hall to guaranty the grocery bill, not to mention its failure to express any contract with plaintiff or any one else to guaranty such bill. The instrument, even if it had contained an express agreement on the part of Brandenburg with Mrs. Hall to guaranty her grocery bill, would not be one on which plaintiff could sue, unless it showed upon its face, or unless the surrounding circumstances demonstrated that the parties intended that Mrs. Hall should use that particular instrument as a means of securing her the necessary credit to make the purchases therein mentioned, or unless it was made for his benefit. The plaintiff, who is a stranger to this contract, can sue on it only on one of two theories. One theory is that the parties, by their conduct, have made that a letter of credit which, upon its face, does not purport to be and is not a letter of credit. Perhaps even then he could not maintain an action on it. The plaintiff was not misled by the paper or by Brandenburg, as he relied on neither in giving the credit, but solely upon Mr. Hall's statement that his wife had a guarantee from Brandenburg. Plaintiff never saw the paper until after the goods were sold. Under all the cases it is necessary that the person claiming the benefit of a letter of credit must have relied thereon in making the sale. 13 Amer. & Eng. Enc. Law 238; Pollock v. Helm, 54 Miss. 1. He can connect himself with the letter of credit only by showing that it was on the strength of the promise therein contained that he made the sale. Said the court in Pollock v. Helm: "The very pith and marrow of the plaintiff's right to recover is

that he was induced to put out his money on Mrs. Willis' bill on the faith of the defendant's letter of credit; and it does not appear by direct evidence that the letter was shown to Pollock or its contents reported to him." The contents of this contract were not reported to plaintiff, Mr. Hall placing his own construction on the paper, stating to plaintiff that Brandenburg had guaranteed to pay a certain sum for groceries. When a letter of credit is given, the person to whom it is addressed, in case it is a special letter, or any one to whom it is presented, in case it is a general letter, connects himself with the letter, and becomes a party thereto by accepting the promise of the writer to be liable, because he sells on the strength of that promise. But there must be something on the face of the instrument showing that the party sought to be charged intended that some one should sell to the bearer of the paper, relying on the promise of the one who has signed it to pay. It is also significant that this paper is signed not merely by Brandenburg, as is usual in the case of a letter of credit, but by Mrs. Hall and her husband also. Can the plaintiff recover on the ground that the case is brought within the principle of those decisions which allow a stranger to an agreement to sue upon it as having been made for his benefit? The paper does not show that either the plaintiff or any other stranger to it was intended to be benefited by it. The mere fact that one not a party to an agreement may be benefited by its performance does not bring him into contractual relations with the promisor in the agreement. He must have been the party intended to be benefited by the promise, and there must have existed at the time thereof such an obligation on the part of the promisor towards the third person as gives him at least an equitable right to the benefits of the promise. This is the rule under the cases. What change, if any, our statute has made in it, is not necessary to decide. Mrs. Hall was under no obligation to the plaintiff at the time this agreement was made.

Without attempting to lay down any general rule which shall mark the line between cases where a stranger to a contract may and cases where he may not sue upon the agreement to which he is not a party, we are clear that under all the anthor-

ities the plaintiff could not maintain an action upon this written instrument. Gurnsey v. Rogers, 47 N. Y. 233; Merrill v. Green, 55 N. Y. 270; Vrooman v. Turner, 69 N. Y. 280; Lorillard v. Clyde, 122 N. Y. 498; 25 N. E. Rep. 917; Wright v. Terry, 23 Fla. 160; 2 South. Rep. 6. Our statute is explicit on this subject. It provides that "a contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." Comp. Laws, § 3499. The case does not fall within this statute. Referring to a statute couched in this same language, the court say in Chung Kee v. Davidson, 73 Cal. 522, 15 Pac. Rep. 100: "The general rule applicable to cases of this kind is that 'when two persons, for a consideration sufficient as between themselves, covenant to do some act which, if done, would incidentally result in the benefit of a mere stranger, the stranger has not a right to enforce the covenant, although one of the contracting parties might enforce it as against the other.' Railroad Co. v. Curtiss, 80 N. Y. 222."

It is urged that Brandenburg, by his statements and conduct, has himself construed this paper as a letter of credit. It is not and cannot be contended that he has by his actions or by his words estopped himself from insisting that the instrument is not such a letter. The plaintiff, in selling the groceries to Mrs. Hall, did not rely upon the declarations or conduct of Brandenburg inducing belief that he had given a letter of credit, or anything equivalent to it. The plaintiff did not even rely upon the paper itself. He never saw it until all the goods had been sold. He sold on the statement of Mr. Hall as to what Brandenburg had agreed to do. We have examined the evidence, and are clear that Brandenburg has not by his conduct or words transmuted this mere agreement of Mrs. Hall to refund moneys advanced with 12 per cent. interest into a general letter of credit from Branbenburg, or an agreement on his part for the benefit of the plaintiff. We would hesitate long before holding, in the absence of facts constituting an estoppel, that the obvious meaning of a plain contract could in this manner be so radically changed. The judgment of the district court is reversed.

BARTHOLOMEW, J. (*dissenting.*)  In a proper case the principles of law stated in the majority opinion would receive my unqualified concurrence;  but I am obliged to dissent in this case, because I think these principles are misapplied.  The case turns entirely upon the construction of the contract set forth in the opinion.  The trial court under the pleadings and proofs held that contract to be a present and general guaranty upon the part of Brandenburg to the extent named.  The majority opinion holds that the contract is without force against Brandenburg as a guaranty;  that it is a contract on the part of Mrs. Hall to pay interest in which it is incidentally stated, not that Brandenburg had guaranteed, but that he had agreed that he would guaranty;  thus making further action on his part necessary before he would incur any liability as guarantor.  Plaintiff declared upon the contract as a present guaranty, and set it up *in hæc verba* as a part of the complaint.  There was no demurrer.  Brandenburg answered, but on the trial objected to the introduction of any evidence under the complaint.  In this court he urges in support of his objection that construction of the contract which my associates deem correct.  To me it seems that two elementary principals require a different result.  The first is that a contract should always be construed as to affect the intent of the parties, unless such construction does actual violence to the language used.  The second is that defective averments in a pleading may be cured by the averments of the adversary.  When appellant made his objection to the introduction of any evidence under the complaint, his answer, which was on file, contained the following:  "This defendant denies that the plaintiff ever extended credit to the defendant Mabel E. Hall as alleged in the complaint, or in any sense or manner whatever, under the provisions of the agreement, a copy of which is attached to said complaint, marked 'Exhibit A,' and denies that the plaintiff, in giving any credit to the defendant Mabel E. Hall, ever relied upon or considered the guaranty expressed in said agreement."  Both parties, by their pleadings, treated the agreement as a present guaranty.  Plaintiff alleged that "the defendant Bradenburg, for value, and for the purpose of enabling the defendant Mabel E. Hall to purchase goods on

credit for use on said farm, guaranteed in writing the grocery bill contracted for groceries used thereon." Brandenburg, for defense, in effect admits the guaranty, but denies that plaintiff extended the credit upon the strength thereof. Could a court, under those circumstances, be expected to rule that there was no guaranty simply because the language used might more naturally be differently construed? When the court finally charged the jury it had before it, not only the pleadings but the testimony of Mr. Brandenburg, wherein he says: "I never knew the guaranty was used until Mr. Parlin came to me. * * * I told him we had modified the terms of the guaranty as he showed it to me at that time to cover supplies, verbally." And speaking of another merchant to whom the Halls had applied for groceries, he said: "I told him to have them come in and leave the written guaranty." The court also knew that on the day of the date of said guaranty Mr. Brandenburg had contracted to sell to Mrs. Hall a section of land, to be paid for out of the crops to be raised thereon by Mrs. Hall; that this guaranty was given to insure her ability to raise such crops; that there was no claim by either party that there was any guaranty or agreement to guaranty other than or different from the contract set out in the complaint; that this contract, which the majority opinion says was simply a promise on her part to pay interest, was delivered to and left in the possession of Mrs. Hall, to be used by her whenever she required the goods as therein specified. Under these circumstances I think the trial court committed no error in holding that Mr. Brandenburg, when he signed said contract, intended to bind himself as guarantor to any person who should furnish the goods in reliance upon and in accordance with the terms of said contract, and that he knew that Mrs. Hall, in receiving the contract, so understood it. Our statute says (Comp. Laws, § 3564): "If the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." The next section reads: "Particular clauses of a contract are subordinate to its general intent." Section 3568 reads: "Words in a contract, which are wholly inconsistent with its

nature, or with the main intent of the parties, are to be re-
jected." It cannot be disputed that the main intention of the
parties to this contract was to create a present guaranty on the
part of Mr. Brandenburg and a promise on the part of Mrs.
Hall to refund to Mr. Brandenburg all amounts that he might
pay under such guaranty, with twelve per cent. interest thereon.
If there are any words in the contract inconsistent with that
intention they must be rejected. In Belloni v. Freeborn, 63 N.
Y. 383, it is said: "In guaranties, letters of credit, and other
obligations of sureties, the terms used and the language em-
ployed are to have a reasonable interpretation, according to the
intent of the parties as disclosed by the instrument read in the
light of the surrounding circumstances and the purposes for
which it was made." In McNaughton v. Conkling, 9 Wis. 316,
it was contended, as in this case, that the agreement was only
an offer to guaranty by some subsequent proceeding, but the
court said: "We have no doubt that the words of the letter
amount to and were designed as a present undertaking of guar-
anty, needing only to be acted upon by any one for whom they
were intended, with notice to the writer in order to bind him.
It is true the future tense is used, 'I will guaranty,' etc., but
this form is frequently used in instruments which are intended
as present agreements without anything further being necessary
to bind the party using it." And to same effect see Carman v.
Elledge, 40 Iowa 409; Talmadge v. Williams, 27 La. Ann. 653.
Nor do I think it correct to say as matter of law that plaintiff
did not sell the goods relying upon the guaranty, simply because
he had never seen the guaranty. He was informed by the Halls
that Mr. Brandenburg had guarantied their bill to a certain
amount, and sold the goods relying upon that fact. If, under
these circumstances, the contract had been a clear, explicit, and
unequivocal guaranty, the liability of the guarantor could not,
as I think, be questioned under the authorities cited in the pre-
vailing opinion. And if the contract in this case was properly
construed as such guaranty, the same rule would, of course,
apply. When a guaranty in fact exists, and a party acts upon
the strength of it, and in strict accordance with its terms, it
would be unreasonable that the guarantor should not be bound

because such party did not read the guaranty or was not informed of its exact language. In my judgment there is no question of estoppel in the case, and no question of the right of a third party to sue upon a contract made for his benefit. It is, as I think, simply a question between a guarantor and guarantee, and I fear that the court by its too literal adherence to the strict letter of the wording has relieved appellant of a liability that he fully intended to incur when he signed the contract.