FARMERS STATE BANK OF GLADSTONE, NORTH DAKOTA, a Corporation, Respondent, v. NICK N. ANTON, Anna Anton, his Wife, and Mike Lampal, Appellants.

(199 N. W. 582.)

**Mortgages — quieting title — in action to quiet title, counterclaim asserting rights under trust in relation to land held permissible.**

1. Where, in a statutory action to determine adverse claims to real estate, the defendants allege as a counterclaim an enforceable agreement by the plaintiff to redeem from a foreclosure sale of the premises and to permit defendants to redeem, as they might elect, from plaintiff, such agreement having been

---

Note.— (2) Extension of time to redeem by agreement of parties, see 19 R. C. L. 651.

(4) Right of party incidentally benefited to sue for breach of contract, see 6 R. C. L. 886; 2 R. C. L. Supp. 237; 4 R. C. L. 449.

made before the period of redemption expired, and thereafter. pursuant to such agreement, the plaintiff obtains an assignment to itself of the sheriff's certificate of sale and later procures a sheriff's deed, but refuses to permit a redemption, it is *held*, for reasons stated in the opinion, that a demurrer to the counterclaim should have been overruled.

**Mortgage — redemption — agreement to extend time of redemption not unenforceable because oral; that no time for redemption specified does not invalidate agreement to extend time.**

2. An agreement to extend the time to redeem is not rendered unenforceable merely because it rests in parol; nor because no time within which redemption must be made is specified in the agreement.

**Mortgages — facts held to show sufficient consideration for agreement by third person to redeem and thereafter to permit mortgagor to redeem.**

3. The execution of a mortgage upon real property to secure a pre-existing indebtedness, already secured by a mortgage on personalty, is a sufficient consideration to support an agreement, made before the period has expired, to extend the time of redemption.

**Contracts — mere fact that third party incidentally benefited from performance of contract will not entitle him to sue thereon.**

4. The mere fact that a third party may derive a benefit, purely incidental and not within the contemplation of the parties, from the performance of a contract, does not entitle him to maintain an action thereon in his own name within the provisions of § 5841, Comp. Laws 1913, giving the beneficiary the right to enforce a contract made expressly for his benefit.

**Estoppel — rule stated as to right of one to predicate estoppel on representation made to another.**

5. Where the representations which, it is contended gave rise to an estoppel, were not made to or intended for the benefit of the party who seeks to predicate an estoppel thereon; or where the representations are not general or intended to influence third persons, the public at large, or persons occupying a relation to the subject matter of the representations similar to that of him to whom they were made, no estoppel arises of which a third person can take advantage.

Opinion filed June 24, 1924.

Contracts, 13 C. J. § 817 p. 709 n. 29. Estoppel, 21 C. J. § 183 p. 1181 n. 35, 36. Mortgages, 27 Cyc. p. 1818 n. 64 New, 66, 68, 71. Quieting Title, 32 Cyc. p. 1344 n. 69 New; p. 1361 n. 29, 30.

Appeal from District Court, Stark County, North Dakota, *Pugh,* J. Reversed and remanded.

*T. F. Murtha,* for appellants.

A promise to extend the period of redemption is valid and enforceable. Kenmare Hard Coal Brick & Tile Co. v. Riley, 20 N. D. 182, 126 N. W. 241.

An oral extension of period of redemption is valid and enforceable. Becker v. Lough, 14 N. D. 81; Prondzinski v. Garbutt, 8 N. D. 191.

"Where a complaint states that the holder of a sheriff's certificate of sale of real estate by fraud and false promises prevented the owner from redeeming within the statutory period, and, in violation of his oral agreement to extend the period of redemption, took a sheriff's deed, such facts entitled the aggrieved party to relief in equity."

Such facts, when established, constitute the wrongdoer an involuntary trustee, under § 4263, Rev. Codes. Schroeder v. Young, 40 L. ed. 721; Nichols v. Olto (Ill.) 23 N. E. 411; Morrow v. Jones (Neb.) 60 N. W. 369; Tice v. Russell (Minn.) 44 N. W. 886.

*Otto Thress,* for respondent.

But an agreement for the extension of time must be based on a sufficient consideration. 27 Cyc. 1818.

As in all equitable actions of a similar character, a right to redeem as against a deed would not be upheld except on evidence of a clear and convincing nature. Kenmare Hard Coal, Brick & Tile Co. v. Riley, 20 N. D. 182, 126 N. W. 24.

JOHNSON, J. Plaintiff commenced an action to quiet title to about 240 acres of land in Adams county. The complaint is in the usual form, concluding with a prayer that the defendants be required to set out their claims of interest in the property and that they be barred from further asserting the same. The defendants, Nick Anton and wife, answered jointly, admitting that they claimed to have an interest in the property and otherwise denying generally the allegations of the complaint.

Anton and wife allege that on October 8, 1921, they were the owners in fee of the premises; that on that date the premises were incumbered by three mortgages, a first mortgage to the Interstate Securities Company, securing the sum of $3,000, a second mortgage to the same concern securing the sum of $527.70, and a third mortgage to Mike Lampal, securing the sum of $1,482, all of which mortgages were of

record in the office of the register of deeds.    Defendants then allege
that on October 8, 1921, they entered into an agreement with the plain-
tiff, through its authorized agent and one of its directors, one Adam
A. Lefor, to the effect that in consideration of the execution and deliv-
ery of a mortgage upon the premises described in the complaint, in
which the plaintiff should be named mortgagee and the defendants the
mortgagors, securing the sum of $1,320, the plaintiff agreed to redeem
the premises from the foreclosure sale, which theretofore had been
had pursuant to the power of sale contained in the second mortgage
above described (the premises had been sold pursuant to such power on
February 19, 1921, to the mortgagee) ; that the plaintiff further agreed
that the defendants be permitted to redeem from plaintiff at such time
"as these answering defendants might elect upon the payment of the
sums paid by the plaintiff for such redemption with interest at 8 per
cent per annum."    It is then alleged that in reliance upon this agree-
ment with the plaintiff and pursuant thereto these defendants did, on
October 8, 1921, execute a mortgage upon the premises, securing the
sum of $1,320, and that the same was duly recorded in the office of the
register of deeds on October 10, following; that the defendants were,
on the date when the mortgage was executed, indebted to the plaintiff
in the sum of $1,320, but that such prior indebtedness was secured by
a chattel mortgage on the farm stock and machinery of the answering
defendants, and that such stock and machinery were by the defendants
sold to one Jacob Anton subject to such indebtedness, and that such
indebtedness was, subsequent to October 8, 1921, fully paid to the
plaintiff.    It is then alleged that in pursuance of the agreement made
between the plaintiff and these defendants, the plaintiff, on January 3,
1922, procured from the Interstate Securities Company an assignment
of the sheriff's certificate of sale; that thereafter and on February 21,
1922, when the year for redemption had expired, the plaintiff procured
a sheriff's deed to the premises, which purports to convey the fee title
thereto to the plaintiff and that such deed has been duly recorded in
the office of the register of deeds.

The defendants, Anton and wife, further answering, say that they
advised the holder of the third mortgage aforesaid, Mike Lampal, of
the agreement entered into with the plaintiff and that said Lampal
stated to the defendants that such agreement was satisfactory to him;

that Lampal was then, and at all times since has been, willing and able to redeem within the period allowed by law from the sheriff's sale, but that he did not do so because of the agreement and in reliance thereon.

It is then alleged that in March, 1922, the plaintiff "sold and agreed to convey" the premises for a consideration of over $6,000, the exact amount not being known; that the purchaser took possession of the property in March, 1922, and has at all times since remained in possession thereof; that the purchaser paid $1,200 in cash on the purchase price; that the reasonable value of the use and occupation of the property is $1,200 per annum. These answering defendants expressly ratify the sale of the premises and consent that the money received by the plaintiff, so far as necessary, may be applied to reimburse plaintiff for the sums paid out by it for redemption from the sheriff's sale, with interest at 8 per cent per annum, pursuant to the agreement alleged. It is then alleged that these defendants have for months last past been ready and willing to redeem and that they offered to redeem from the plaintiff, in accordance with the agreement heretofore set forth; that the plaintiff holds the fee title under the sheriff's deed in trust for these answering defendants, and that the redemption aforesaid was in effect a redemption from the sale by these answering defendants; that in equity the plaintiff holds the fee title for their benefit and for the benefit of Mike Lampal, the third mortgagee.

The defendants then pray that the plaintiff be required to account for the moneys and property received from the purchaser of the premises and to produce the contract and the notes in connection therewith; that it be required to account for the rents and profits of the premises from March, 1922, to date; and that all moneys received from the purchaser of the premises be applied, with interest at 8 per cent towards reimbursing plaintiff for moneys advanced by it for redemption of the premises and that the real estate mortgage executed by defendants to plaintiff, securing $1,320, be cancelled and be discharged of record fully or to such extent as it has been paid. Other and further equitable relief is asked for. It was stipulated that the agreement alleged in the answer was not in writing.

Lampal answered separately, alleging substantially the same facts.

A demurrer to the answers was interposed and sustained.

The answer does not allege matters expressly denominated a counter-

claim, but it seems that facts pleaded were by consent treated as a counterclaim.

Counsel for the respondent stated in the oral argument that the only question on this appeal is whether the agreement alleged is supported by a sufficient consideration. He contends that an agreement to extend the period of redemption in consideration of an agreement to pay, or even the payment, of a pre-existing indebtedness, is not enforcible.

An agreement to extend the time to redeem is not rendered unenforceable because it rests in parol, 27 Cyc. 1818; nor because no time is specified in the agreement. Id. p. 1819.

It is not necessary to decide to what extent, if any, and under what circumstances an agreement to extend the period of redemption must be supported by a consideration. Under the facts as alleged in the answer it is clear that a promise was made by plaintiff, before the period of redemption had expired, which was relied on by the defendants Anton and wife, with the result that they took no steps to redeem within the statutory period, and the plaintiff is estopped from denying the right to redeem. Kenmare Hard Coal, Brick & Tile Co. v. Riley, 20 N. D. 182, 126 N. W. 241. (This case is cited in Jones on Mortgages, 7th ed. § 1053, in support of the rule that an agreement to extend the time to redeem, made after the time limited therefor has passed, is of no effect unless supported by a sufficient consideration. The decision does not support the rule announced. That question was not before the court.) "But an agreement made before the time of redemption has expired, to allow further time, though made without consideration, can not be disregarded after the time of redemption has passed, but will be enforced by the court." Jones, Mortg. 7th ed. § 1053, p. 648. For aught that appears in the pleadings, the defendants, after entering into this agreement with the plaintiff and performing their part thereof fully, may, in reliance on that agreement, have ceased to endeavor to raise the money necessary to redeem. The representation and the reliance thereon are clearly alleged; and surely, it would be a fraud on defendants to permit plaintiff now to assert anything to the contrary. If the defendant secured or holds the title through the sheriff's deed, under circumstances which in equity entitle plaintiff to relief, it holds the title as trustee for the benefit of the defendants Anton and wife. Comp. Laws 1913, § 6280, and Prondzinski v. Garbutt, 8 N. D. 191, 195, 77

N. W. 1012. We think that such a situation is presented by the facts alleged in the answer.

We cannot, however, agree with counsel for respondent that the agreement alleged is not supported by sufficient consideration. Section 5872, Comp. Laws 1913, definees consideration as follows:

"Any benefit conferred or agreed to be conferred upon the promisor by any other person to which the promiser is not lawfully entitled or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer as an inducement to the promisor, is a good consideration for a promise."

Certainly, to create an additional encumbrance on the land was "prejudice" which at the time he entered into the agreement with the plaintiff, he was not "lawfully bound to suffer." See Boyd v. Hitchcock, 20 Johns. 76, 11 Am. Dec. 247; Williston, Contr. § 121. That it was an advantage to the bank to obtain this additional security abundantly appears from the facts alleged. The case is not analogous to the situation arising when the only consideration for an agreement is a promise to pay, or the payment, of a pre-existing indebtedness. In such a case the promisor suffers no prejudice or detriment he is not lawfully bound to suffer. It is his legal duty to pay his debts; but it is not necessarily his legal duty to give additional security for the payment thereof.

It is suggested by counsel for the respondent, although not argued or supported by authorities in the brief, that this being an action to quiet title the defendants Anton and wife cannot set up as a counterclaim, pursuant to § 8151, Comp. Laws 1913, a cause of action based upon the equitable grounds alleged in the answer.

It is not necessary to discuss this point at length. Since the amendment of 1901 (see § 8151 supra) the scope of the statutory action to determine adverse claims has been considerably enlarged. "Under code provisions governing pleading, it is generally held that in actions to quiet title or remove a cloud, matter may be pleaded as a counterclaim if it constitutes a cause of action in favor of defendant against plaintiff and is connected with the subject of plaintiff's action; and even where such matter is set up in the answer and may be a complete defense to the cause of action alleged in the complaint, it may also be pleaded as a counterclaim." 32 Cyc. 1361. The answer alleges that Anton and wife have a cause of action growing out of a trust relation, in which an

accounting may be necessary in order to determine finally the controversy between the parties arising out of the subject matter of the suit. We see no reason why the rights of the parties connected with the subject-matter of the suit may not be fully litigated in this proceeding and a proper judgment entered accordingly. Sections 8153 and 8155, Comp. Laws 1913, contemplate that contingencies may arise where a money judgment may be entered in favor of a defendant interposing a counterclaim. Section 8155 expressly provides for the adjustment of cross judgments in proceedings to determine adverse claims. We think that the statutes authorize the adjustment of the controversy between the parties in this proceeding:

Nothing would be gained by sending the parties hence without a hearing upon the merits of the counterclaim. Defendants allege that plaintiff holds the legal title; they expressly approve and ratify the sale made by it to one Loh, but they want an accounting of the trust relation that arose by virtue of the contract alleged. If they can not litigate this now and in this proceeding, a new action will be commenced with more costs and vexatious delay. See Randolph v. Ellis, 240 Mo. 216, 144 S. W. 483.

It is our conclusion that the order sustaining the plaintiff's demurrer to that part of the answer alleging the agreement with reference to the extension of the period of redemption, cannot be sustained, and that the defendants should have an opportunity to litigate their counterclaim, based upon the failure of the plaintiff to perform that contract.

The agreement alleged to have been entered into by plaintiff and the defendants Anton and wife, was not made expressly for the benefit of Lampal, within the meaning of § 5841, Comp. Laws 1913. That statute provides:

"A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it."

Whatever benefit might accrue to Lampal from the agreement and its performance was incidental; it was not in the contemplation of the parties to confer any advantage on him. Parlin v. Hall, 2 N. D. 473, 52 N. W. 405; Chung Kee v. Davidson, 73 Cal. 522, 15 Pac. 100; 6 R. C. L. 886.

Nor can Lampal take advantage of the arrangement on the theory of estoppel. There is no allegation in Lampal's answer that the alleged

agreement or declarations were intended for the benefit of any person other than Anton; there is no allegation of fact that can form the basis of an obligation to defendant Lampal. The agreement or representation was not general, and the facts alleged do not indicate an intention to influence third persons or those, in general, who occupied a position with relation to the property similar to that of Lampal. See 21 C. J. 1180; Kinney v. Whiton, 44 Conn. 262, 272, 26 Am. Rep. 462.

Lampal's answer accordingly did not state a cause of action and the demurrer thereto was properly sustained. This does not determine any interest that Lampal may have in the property in the event that Anton's claim is substantiated.

The judgment of the trial court is accordingly reversed and the cause remanded for further proceedings not inconsistent with this opinion.

CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.

BRONSON, Ch. J., concurs in result.