## LINCOLN FINANCE CORPORATION v. JOHN DOE AND ANOTHER.[1]

March 6, 1931.

No. 28,308.

*Schwartz & Halpern* and *Hyman Edelman,* for appellant.
*John G. Priebe,* for respondents.

[1]Reported in 235 N. W. 392.

STONE, J.

Replevin for a Studebaker automobile, plaintiff claiming under a chattel mortgage. The verdict was for Frances Engels, the one answering defendant. She was thereby awarded possession of the car or, in default of that, its value, which the jury put at $900. Plaintiff's motion for judgment or a new trial resulted in an order denying judgment but granting a new trial unless defendant would consent to an amendment of the verdict reducing the value of the automobile to $450. Defendant having filed such consent, plaintiff appeals.

■ The record presents but one issue, and that of fact only. Plaintiff's mortgagor was one Roberts. According to plaintiff's claim, he purchased the car from Mrs. Engels. There is in the record what appears to be a bill of sale from her to Roberts. But for defendant the claim is that the bill of sale is a forgery; that Mrs. Engels never signed it. She testifies that Roberts was negotiating for the purchase, took the car out for trial, and as security for its return left with her plaintiff's check for $250, payable to him and indorsed to her. Roberts never returned the car and may have absconded. Anyway he was not present as a witness.

True, the testimony for defendant that she never finally sold to Roberts, and that her purported signature to the bill of sale to him is a forgery, is strongly opposed. The document purports to have been acknowledged before one Law, a notary public. He testified to the genuineness of the signature, but his testimony is not altogether satisfactory. He appears to have been somewhat careless about making sure of the identity of persons to whose acknowledgments he certified. The record is open to the inference that whoever signed the document was not known to him and that he took no precautions to make sure of the identity to which he solemnly and officially certified. Perjury was committed by somebody. The resulting issue of fact was settled by the verdict. Plaintiff would have more ground for complaint if it had produced Roberts as a witness or had explained its failure to produce him. His absence was a circumstance that doubtless operated with the jury to the disadvantage of plaintiff.

■ Considering this case from the standpoint of defendant, and it must be so considered in view of the verdict, if there was any pledge it was not of the automobile but of $250 in money to secure the return of the car to defendant. It was made by Roberts and not plaintiff. Plaintiff was not a party to the transaction. Not being a party to the contract nor a creditor or donee beneficiary; being possibly and at best only an incidental beneficiary, plaintiff cannot base any cause of action thereon. Am. Law Inst. Restatement Contracts, §§ 135, 136 and 147. Hence plaintiff is not entitled in this action to insist on having defendant's right to possess the car conditioned on her repayment of the money.

Order affirmed.