[File No. 7138]

W. A. JOHNSON, Plaintiff, v. S. J. CLARK, Defendant and Respondent, and Edith Frigard, Intervenor and Appellant.

(39 NW2d 431)

Opinion filed October 17, 1949. Rehearing denied Oct. 31, 1949

*M. C. Fredricks,* for intervenor and appellant.
*Roy K. Redetzke,* for respondent.

NUESSLE, Ch. J. The plaintiff, W. A. Johnson, owned a house and lot in Fargo, North Dakota. He listed it for sale with Edith Frigard, the intervenor, who was engaged in the real estate brokerage business. He fixed the price at $12,000 cash and agreed to pay her a commission of $500 if she produced a buyer who would purchase the property. Pursuant to this listing Frigard showed the property to the defendant S. J. Clark, who agreed to buy it and signed the following memorandum.

"I, S. J. Clark, herewith purchase the following described real estate and agree to pay therefor the total purchase price of $12,000.00 of which $400.00 has been paid at the date hereof, the receipt whereof is hereby acknowledged, and the remainder of the purchase price to be paid to said seller upon the following terms and conditions: Cash.

"I, W. A. Johnson, seller, herewith sell and agree to convey to S. J. Clark, purchaser, upon the terms hereinbefore set forth, the following described real estate situate in Cass County, property located at 1234 3'd street North, Fargo North Dakota, according to the plat thereof on file and of record in the office of the register of deeds in and for said county.

"It is understood and agreed that this sale is made subject to the approval of the owner of said premises in writing, and that the undersigned agent is in no manner liable or responsible on account of this agreement, except to return or account for any of the purchase money, paid to her under this contract.

"The seller shall within 15 days from the date hereof, deliver to said purchaser, a properly certified abstract of title to said land, showing the merchantable title and deed to said premises. The taxes are to be prorated as to 1947 tax receipt."

At the same time Clark gave Frigard his check for $400 as

earnest money. This check was payable to her order. She at once endorsed the check and turned it over to the plaintiff together with the memorandum. Johnson accepted the check, approved the sale, noted the approval on the memorandum as of date October 26, 1948, and signed the same. At the time Clark agreed to buy the property he knew that Johnson was to pay a commission of $500 to Frigard in case she sold it pursuant to the listing.

Subsequently Clark refused to complete the sale and notified the bank on which the check was drawn not to pay it. On October 29, Johnson brought the instant action to recover on the check. In his complaint he alleged that Clark had made, executed, and delivered the check for a valuable consideration; that he was the owner and holder of the same; that Clark had refused to honor the check and had stopped payment thereof and prayed judgment in his favor in the amount of the check. Frigard then applied to the court for leave to intervene. She accompanied her application with her proposed complaint in intervention wherein she set forth the facts with respect to the listing of the property for sale; that she procured the defendant Clark as a purchaser; that he executed the memorandum of sale hereinabove set out and as earnest money and in part payment delivered to her his check payable to her order for $400; that she at once endorsed the check and turned it over together with the memorandum to the plaintiff; that plaintiff accepted the same, approved the sale and signed the memorandum; that thereafter Clark repudiated the agreement to purchase and stopped payment of the check, whereupon plaintiff brought the instant action now pending to recover on the check. She further alleged that when Clark agreed to purchase the property and executed the memorandum of sale, he knew that she was to receive a commission of $500 for making it and "that having such actual knowledge, after entering into a binding contract, procured by and through the efforts of this intervenor, the defendant repudiated his agreement to purchase and pay for the property, and so prevented the intervenor from collecting her regular commission of $500.00 from the plaintiff, and this intervenor alleges that she has lost her commission in bringing

about a sale of the property, which would have been due her from the plaintiff, and that the intervenor has been damaged in a sum equal to the sum of the commission which she would have received from the plaintiff, because of the defendant's breach of his contract to purchase, . . . ;" and demanded judgment against Clark in the sum of $500.

Leave to intervene was granted and the complaint in intervention was duly served on Johnson and Clark. Clark demurred to it on the ground that it did not state facts sufficient to constitute a cause of action against him. The court sustained the demurrer and entered an order accordingly. Thereupon the intervenor perfected the instant appeal.

The intervenor predicates her appeal on the proposition that though she was not a party to the contract as made by Johnson and Clark, she had a beneficial interest in that contract and Clark having failed and refused to perform, this interest was such as entitled her to recover damages against him in the amount of the commission she had earned by finding a purchaser.

Thus it appears that the question for determination on this appeal is as to whether a real estate broker with whom an owner of property has listed the same for sale promising a commission in the event the broker finds a purchaser, has recourse in damages against a buyer procured by him who, knowing that he was to receive a commission, after entering into a contract to purchase pursuant to the terms of the listing, without cause therefor repudiates his contract and refuses to perform.

We are of the opinion that the question posed must be answered in the negative. The contract for the breach of which the intervenor contends she is entitled to damages, was between Clark and Johnson. She was not a party to it. Clark was under no contractual obligation to her. On the other hand, she was under no obligation to Clark. In fact, she inserted in the memorandum of sale which she procured Clark to sign, a clause which expressly disavowed any such obligation. It reads ". . . that the undersigned agent is in no manner liable or responsible on account of this agreement, except to return or account for any of the purchase money, paid to her under

this contract." Clark's contract was with Johnson, so any damage that might have been caused by his failure to perform was Johnson's damage. The contract contemplated no benefit to the intervenor. It is true that as a result of procuring Clark as a purchaser she may have earned her commission. But it was only to that extent that she was interested in the consummation of the contract. Insofar as the contract itself was concerned she was only an incidental beneficiary. See American Law Institute, Restatement of the Law, Contracts, Sec 133, et seq; Williston on Contracts, Revised Edition, Vol 2, Sec 356 and Sec 402, et seq.

The right of a third party to bring an action upon a contract not expressly made for his benefit to recover damage on account of its breach did not exist at the common law. Nor have we been able after a most diligent search to discover any case where such a right has been recognized in the absence of a statute conferring it. It is true that the intervenor cites and relies upon the following cases as holding to the contrary. Eells Bros. v. Parsons, 132 Ia 543, 109 NW 1098, 11 Ann Cases 475; Danciger Oil & Refining Co. v. Wayman, 169 Okl 534, 37 Pac2d 976, 97 ALR 854; Livermore v. Crane, 26 Wash 529, 67 Pac 221, 57 LRA 401; Moscovitch v. Desambor, (Quebec Court of Review), 18 Dom Law Rep 230. But a careful examination of these cases discloses that the facts therein, the inferences drawn therefrom, and the conclusions at which the several courts arrived do not sustain the intervenor's contention. On the contrary we find the authorities practically unanimous in holding that a third person cannot maintain an action upon a simple contract merely because he would receive a benefit from its performance. See Buckley v. Cray, 110 Cal 339, 42 Pac 900, 31 LRA 862, 52 Am St Rep 88; Carson, Pirie Scott & Company v. Parrett, 346 Ill 252, 178 NE 498, 81 ALR 1262 and note; Jefferson v. Asch, 53 Minn 446, 55 NW 604, 25 LRA 257 and note; Lincoln Finance Corp. v. Doe, 183 Minn 19, 235 NW 392; Gibson Land Auction Co. v. Brittian, 182 NC 676, 110 SE 82, 20 ALR 211; Kelly v. Richards, 95 Utah 560, 83 Pac2d 731, 129 ALR 164; Williston on Contracts, Revised Edition, Vol 2, Sec

402 et seq; American Law Institute Restatement of the Law, Contracts, Sec 133 et seq; 12 Am Juris, Contracts, Sec 279 et seq; 17 CJS 1127 et seq. See also note to Baxter v. Camp, 71 Conn 245, 41 Atl 803, 42 LRA 514, 71 Am St Rep 169.

Our statute, Section 9-0204, RCND 1943, provides that "a contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." But this statute can have no application in the instant case. By no stretch of construction can it be said that the contract between Clark and Johnson was made expressly for the benefit of the intervenor. And the fact that the legislature saw fit to enact Section 9-0204, and made no provision giving the right to a third party to enforce a contract under which he is merely an incidental beneficiary negatives the existence of such a right. This court has had occasion to consider the question as to the right of a third party to sue upon a contract merely because he would receive a benefit from its performance. In the early case of Parlin v. Hall, 2 ND 473, 52 NW 405, this court in denying such relief said, "The mere fact that one not a party to an agreement may be benefited by its performance does not bring him into contractual relations with the promisor in the agreement. He must have been the party intended to be benefited by the promise, and there must have existed at the time thereof such an obligation on the part of the promisor towards the third person as gives him at least an equitable right to the benefits of the promise. . . . The general rule applicable to cases of this kind is that 'when two persons, for a consideration sufficient as between themselves, covenant to do some act which, if done, would incidentally result in the benefit of a mere stranger, the stranger has not a right to enforce the covenant, although one of the contracting parties might enforce it as against the other.' "

And the court has followed and never departed from this rule. See American Soda Fountain Co. v. Hogue, 17 ND 375, 116 NW 339, 17 LRA (NS) 1113; Harris v. Van Vranken, 32 ND 238, 155 NW 65; McDonald v. Finseth, 32 ND 400, 155 NW 863, LRA 1916D, 149; Farmers State Bank v. Anton, 51 ND 202, 199 NW 582; State ex rel. North Dakota Workmen's Compensa-

tion Fund v. Padgett, 54 ND 211, 209 NW 388. In the case last cited, this court said concerning the statute, "Wherever such a statute is in force, or where contracts for the benefit of third persons, from whom no consideration flows, may be enforced by the beneficiary, the rule is settled that 'the mere fact that a third party may derive a benefit, purely incidental and not within the contemplation of the parties, from the performance of a contract, does not entitle him to maintain an action thereon in his own name. . . .' Farmers State Bank v. Anton, 51 ND 202, 199 NW 582, Par 4 of syllabus."

We hold, therefore, that the demurrer to the complaint in intervention was properly sustained. The intervenor was merely an incidental beneficiary. As such she had no cause of action against the defendant Clark on account of his repudiation of and refusal to perform the contract of purchase entered into by him with the plaintiff Johnson.

Order affirmed.

GRIMSON, BURKE, MORRIS and CHRISTIANSON, JJ., concur.