**UNITED STATES of America, Plaintiff,**

v.

**DAIRYLAND INSURANCE
COMPANY, Defendant.**

**Civ. No. A2–79–221.**

United States District Court,
D. North Dakota,
Northeastern Division.

March 11, 1980.

Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

Carlton J. Hunke, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, N. D., for defendant.

## ORDER

BENSON, Chief Judge.

The United States seeks in this action to recover expenses incurred by it arising out of the personal injuries suffered by two members of the Armed Forces of the United States in an automobile accident. Defendant has moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6). The court will assume the truthfulness of the factual allegations in the complaint in disposing of the motion to dismiss.

On or about December 8, 1977, David P. Newman and Gregory Starke, both members of the United States Armed Forces, sustained bodily injuries in an automobile collision occurring near Grand Forks, North Dakota. At the time of the accident, Newman and Starke were occupants of a 1977 Chevrolet Monte Carlo owned by Newman and insured by defendant. The insurance policy issued by defendant met the minimum requirements of N.D.Cent.Code ch. 26–41, the No-Fault Law. Both Newman and Starke were injured as a result of the accident. Their medical expenses were paid for by the United States pursuant to 10 U.S.C. § 1074. The United States now seeks to recover those expenses from defendant, contending that it has a right of recovery under 42 U.S.C. § 2651, N.D.Cent. Code ch. 26–41, or as a third party beneficiary under the contract of insurance issued to Newman by defendant.

### I. *42 U.S.C. § 2651.*

42 U.S.C. § 2651(a) provides in relevant part as follows:

> In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment . . . to a person who is injured or suffers a disease, . . *under circumstances creating a tort liability upon some third person* . . . to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished.

(emphasis added).

■ 10 U.S.C. § 1074 requires the United States to furnish medical care to members of the armed forces. 42 U.S.C. § 2651 allows the recovery by the United States of

the expenses for that medical care from a third person "under circumstances creating a tort liability . . . ." It is not alleged in the complaint that defendant is a tort-feasor responsible for Newman and Starke's injuries. The alleged basis of liability is the contract of insurance between defendant and Newman. The United States is not subrogated to the contractual rights of the injured serviceman, so it is not entitled in this case to recover under 42 U.S.C. § 2651. *Hohman v. United States*, 470 F.Supp. 769, 771 (E.D.Pa.1979). The motion to dismiss will be granted as to the claim under 42 U.S.C. § 2651.

## II. *The No-Fault Law.*

The United States contends it is entitled to recover from defendant under North Dakota's no-fault automobile insurance law, N.D.Cent.Code ch. 26–41. N.D.Cent.Code § 26–41–07 provides that each basic no-fault insurer of a secured motor vehicle shall .pay basic no-fault benefits without regard to fault for economic loss resulting from accidental bodily injury sustained by the owner or occupant of the secured motor vehicle. Had the United States not paid for the medical expenses of Newman and Starke, defendant, as the basic no-fault insurer of the automobile involved in the December 8, 1977 accident, would have been primarily liable for their medical expenses under §§ 26–41–07 and 26–41–10.

The payment by the United States of the medical expenses of Newman and Starke would appear to be an "economic loss" for purposes of § 26–41–07. *See Government Employees Ins. Co. v. Rozmyslowicz*, 449 F.Supp. 68 (E.D.N.Y.1978), *aff'd*, 605 F.2d 669 (2d Cir. 1979). Section 26–41–07 is the general statute enumerating those persons entitled to basic no-fault benefits. Because it has suffered economic loss resulting from accidental bodily injuries sustained by the owner and occupant of a secured motor vehicle, the United States is included in the group of designated beneficiaries.

However, § 26–41–07 conflicts with § 26–41–09, which enumerates the persons entitled to *payment* of basic no-fault benefits and provides that benefits are payable "for economic loss sustained by an injured person or his dependent survivors or incurred on his behalf by his spouse, relatives, or guardian." The United States is not a spouse, relative or guardian.

N.D.Cent.Code § 1–02–07 provides that whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two provisions shall be construed, if possible, so that effect may be given to both provisions. If, however the conflict between the two provisions is irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision.

Section 26–41–02 declares one of the purposes of the no-fault law is to avoid inadequate compensation to victims of motor vehicle accidents. When §§ 26–41–07, 26–41–09 and 26–41–02 are read together, it is clear that § 26–41–09 is a special provision that must prevail over § 26–41–07, a general provision, when there is a conflict between the two. The United States, therefore, is not a designated payee under § 26–41–09 entitled, pursuant to that section of the statute, to be reimbursed by defendant for the expenses incurred for Newman and Starke.

Section 26–41–13, which provides subrogation rights to a basic no-fault insurer, is also of no benefit to the United States because the United States, not having undertaken to indemnify another by a contract of insurance, is not a basic no-fault insurer. N.D.Cent.Code §§ 26–02–02, 26–41–03(3).

The motion to dismiss will be granted as to the claim under N.D.Cent.Code ch. 26–41.

## III. *The United States as Third Party Beneficiary.*

The United States contends it is entitled to recover from defendant as a third party beneficiary under the contract of insurance issued to Newman by defendant. Many courts have allowed the United States to recover as a third party beneficiary in cases similar to the one before the court. *See, e. g., United States v. Automo-*

*bile Club Ins. Co.*, 522 F.2d 1 (5th Cir. 1975); *United States v. Government Employees Ins. Co.*, 461 F.2d 58 (4th Cir. 1972); *United States v. State Farm Mutual Automobile Ins. Co.*, 455 F.2d 789 (10th Cir. 1972); *United States v. United Services Automobile Ass'n*, 431 F.2d 735 (5th Cir. 1970); *United States v. Government Employees Ins. Co.*, 421 F.Supp. 1322 (N.D.N.Y.1976); *United States v. California Automobile Ass'n*, 385 F.Supp. 669 (E.D.Cal.1974), *aff'd*, 530 F.2d 850 (9th Cir. 1976). Alleged third party beneficiaries' right to recover is governed by the language of the insurance policy in question and by state law. *See United States v. State Farm Mutual Automobile Ins. Co.*, 455 F.2d 789 (10th Cir. 1972).

■■■ The applicable law in North Dakota is embodied in N.D.Cent.Code § 9–02–04, which provides that "[a] contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." For cases applying § 9–02–04, *see Johnson v. Clark*, 77 N.D. 14, 39 N.W.2d 431 (1949); *McDonald v. Finseth*, 32. N.D. 400, 155 N.W. 863 (1915); *Parlin v. Hall*, 2 N.D. 473, 52 N.W. 405 (1892). The pertinent contractual provision[1] provides that defendant will pay personal injury protection benefits for medical expenses "incurred with respect to bodily injury sustained by an eligible insured person and caused by an accident arising out of the operation, maintenance or use of a motor vehicle as a vehicle."

A motion to dismiss for failure to state a claim must be denied if the asserted claim for recovery is legally sufficient and if plaintiff can conceivably prove a set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1947); Wright & Miller, *Federal Practice and Procedure* § 1356 (1969). The claim of the United States that it is a third party beneficiary under the contract of insurance issued to Newman by defend-

ant is sufficient to withstand the challenge raised by defendant's motion to dismiss.

### IV. *Order.*

IT IS ORDERED that plaintiff's claims under 42 U.S.C. § 2651 and N.D.Cent.Code ch. 26–41 are DISMISSED.

IT IS FURTHER ORDERED that the motion to dismiss is DENIED as to plaintiff's third party beneficiary claim.

---

1. The contract of insurance between defendant and Newman is not before the court, even though incorporated by reference in the complaint. Defendant has submitted a copy of its standard no-fault insurance policy, however. For purposes of the motion before the court, the policy issued to Newman will be deemed to be identical to the policy in the record.