UNITED STATES of America, Plaintiff,

v.

**DAIRYLAND INSURANCE COMPANY, Defendant.**

Civ. No. A2–79–221.

United States District Court,
D. North Dakota,
Northeastern Division.

May 12, 1981.

Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

Carlton J. Hunke, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, N. D., for defendant.

### MEMORANDUM AND ORDER

BENSON, Chief Judge.

The above entitled case is before the court on the parties' cross motions for summary judgment. The essential facts are undisputed.

On or about December 8, 1977, two members of the United States Armed Forces sustained injuries in an automobile collision occurring in the vicinity of Grand Forks, North Dakota. The motor vehicle in which they were riding was insured by defendant in conformity with the North Dakota Auto Accident Reparations Act, N.D.Cent.Code ch. 26–41 (No-Fault Law). Under the statutory provisions, defendant as the basic no-fault insurer of the automobile involved in the collision would have been primarily liable for the servicemen's medical expenses. However, as members of the United States Armed Forces, the servicemen were entitled to and did receive medical benefits from the United States pursuant to 10 U.S.C. § 1074, for the hospital, medical and surgical care provided to the servicemen for their treat-ment.[1] Thereafter, the United States made a demand upon the defendant for reimbursement of those expenses, and payment was refused. This suit was then instituted. On defendant's motion for dismissal, the court has already ruled that plaintiff cannot recover under the provisions of the Medical Care Recovery Act, 42 U.S.C. § 2651, or as a direct beneficiary under the No-Fault Law. *United States v. Dairyland Ins. Co.*, 485 F.Supp. 539 (D.N.D.1980). The only remaining issue is whether the plaintiff can recover as a third-party beneficiary under the insurance contract.[2]

Section 9–02–04 of the North Dakota Century Code provides that "[a] contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." Professor Corbin noted that this statutory provision appears in several western states and that it should not be held to require express words, but rather it should be treated as attempting to express the modern common law empowering contracting parties to confer rights on third persons. 4 Corbin, Contracts § 776 (1951 & Supp. 1971). In fact, the North Dakota decisions construing the statute have done so resorting to the traditional formula, i. e., determining whether one is an intended beneficiary who can sue on the contract as opposed to an incidental beneficiary who may not. *Johnson v. Clark*, 77 N.D. 14, 39 N.W.2d 431, 434 (1949); *State v. Padgett*, 54 N.D. 211, 209 N.W. 388, 392 (1926); *Farmers' State Bank of Gladstone v. Anton*, 51 N.D. 202, 199 N.W. 582, 584 (1924). The primary test in determining whether a party may sue as a third-party beneficiary is the "intent to benefit" test. *See Buchman Plumbing Co., Inc. v. Regents of the U. of M.*, 298 Minn.

---

1. The parties have not agreed as to the reasonable value of the medical services rendered. Therefore, the only issue on which the parties seek summary judgment is liability.

2. Although the intent of the contracting parties not expressed in writing is a factual question, the parties here agree that there was no discussion between defendant and the insured at the time the policy was executed concerning possible reimbursement under the policy for medical expenses the United States might incur on behalf of the insured. The parties also agree that at the time of the execution of the policy, the defendant institutionally held the legal opinion that it could not be required to make reimbursement to the United States for claims such as those involved in the complaint. In light of this, the court agrees with the parties that the issue before it is one of contract interpretation, and thus appropriate for summary judgment.

328, 215 N.W.2d 479, 483 (1974); 17 Am. Jur.2d *Contracts* § 304 (1964); 17A C.J.S. *Contracts* § 519(4)c (1963); 4 Corbin, Contracts § 776 (1951 & Supp. 1971); Simpson, Contracts § 117 (2nd ed. 1965). If in reading the contract in light of all the surrounding circumstances, an intent to benefit a third party is shown, the beneficiary is an intended beneficiary. If no such intent to benefit is shown, the asserted beneficiary is merely an incidental beneficiary and cannot enforce the contract. Restatement of Contracts § 133 (1932).

The pertinent contractual provision provides as follows:

The Company agrees with the named insured, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

Section 1

PERSONAL INJURY PROTECTION COVERAGE

The Company will pay, in accordance with the North Dakota Auto Accident Reparations Act, personal injury protection benefits *for*:

(a) medical expenses, . . .

*incurred with respect to* bodily injury sustained by an eligible injured person and caused by an accident arising out of the operation, maintenance or use of a motor vehicle as a vehicle. (Emphasis added).

" 'Medical expenses' means reasonable charges incurred for necessary medical, surgical, X-ray, dental, prosthetic, ambulance, hospital or professional nursing services. . . ." The North Dakota Auto Accident Reparations Act, to which the above quoted contractual provision makes reference, contains N.D.Cent.Code § 26–41–09(1) which provides in part as follows:

Basic and optional excess no-fault benefits are payable monthly for economic loss sustained by an injured person or his dependent survivors or incurred on his behalf by his spouse, relatives, or guardian. A basic no-fault insurer may pay basic or optional excess no-fault benefits when due to any of the above persons

whom it believes has sustained or incurred the economic loss *or at its option to the person or organization rendering, for a charge, the services for which such benefits are payable.* (Emphasis added).

■ Plaintiff argues that the language of the policy read in light of the statute makes it a third-party beneficiary under the insurance contract. The court agrees. The policy language is clear that benefits are payable *for* medical expenses incurred *with respect to* bodily injury sustained by an eligible injured person. This language lends itself to the interpretation that benefits may be paid to someone other than an eligible injured person. When this language is read in conjunction with § 26–41–09(1), it is clear that an intended beneficiary under the policy is any organization rendering the services for which benefits are payable. In the instant case, the United States did not itself render the medical services to the two servicemen, but paid the medical expenses to those institutions and personnel that provided the services for a charge. The court holds that in acting as it did, the United States is an organization rendering services for which benefits are payable, and thus is a third-party beneficiary under the insurance contract. In so holding, this court joins the majority of courts which have similarly found the United States to be a third-party beneficiary under similar circumstances. *See United States v. Automobile Club Ins. Co.,* 522 F.2d 1 (5th Cir. 1975); *United States v. Government Employees Ins. Co.,* 461 F.2d 58 (4th Cir. 1972); *United States v. State Farm Mutual Automobile Ins. Co.,* 455 F.2d 789 (10th Cir. 1972); *United States v. United Services Automobile Ass'n,* 431 F.2d 735 (5th Cir. 1970), *cert. denied,* 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 440 (1971); *United States v. Government Employees Ins. Co.,* 421 F.Supp. 1322 (N.D.N.Y.1976); *United States v. California Automobile Ass'n,* 385 F.Supp. 669 (E.D.Cal.1974), *aff'd on other grounds,* 530 F.2d 850 (9th Cir. 1976). *But see Heusle v. National Mut. Ins. Co.,* 628 F.2d 833 (3rd Cir. 1980).

In addressing similar policy language, the court in *United States v. Government Employees Ins. Co., supra* made the following observation which is equally pertinent in this case.

> This result appears sound and accords with what must have been the intent and understanding of the parties. It must be assumed that the insurer knew that its insured in this case was entitled to obtain medical services at the expense of the United States, as provided under Section 1074(b), 10 U.S.C. It had included as a separate part of its contract of insurance, for which it unquestionably charged a portion of its premium, this provision obligating itself to pay the medical expenses incurred as a result of an accident on behalf of the insured. To allow it to eliminate from its obligation, under this provision, any expenses incurred by the United States under the latter's statutory obligation to the insured would mean that the insurer actually would have been incurring no liability, or at least a most limited one, under this part of its policy, for which it had charged a portion of its premium. Certainly, the insurer had not intended—it undoubtedly had not adjusted its premium to take into account—any such 'windfall' as would result in its favor by limiting its obligation under the 'Expenses for Medical Services' portion of its policy as it now asks of the Court. It would be unconscionable so to limit it.

461 F.2d at 59–60.

The United States in this case was a "party intended to be benefited by the promise, and there ... existed at the time thereof such an obligation on the part of the promissor toward the [United States] as gives [it] at least an equitable right to the benefit of the promise." *Johnson v. Clark, supra,* 39 N.W.2d at 434, quoting *Parlin v. Hall,* 2 N.D. 473, 52 N.W. 405, 407 (1892).

IT IS ORDERED that plaintiff's motion for summary judgment on the issue of liability is granted.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that trial on the issue of the amount of reimbursement to which plaintiff is entitled will be had on a date later to be determined by the court.