## AMERICAN INDEMNITY CO, v. FELL-BAUM. (No. 6448.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 17, 1920. Rehearing Denied. Dec. 22, 1920.)

1. Insurance ⬤⟞665(4)—Finding that administrator of insured in good faith gave note to pay judgment warranted.

In an action on a policy of indemnity insurance where the administrator of the insured executed a note to pay a judgment rendered against the estate of the insured, a fact finding by the court that the note was executed in good faith to pay off the judgment *held* warranted.

2. Insurance ⬤⟞388(5), 514—Defense of action waiver of contention that cause did not fall within indemnity policy; defense of action waives necessity that insured pay judgment before recovering over.

Where an indemnity policy provided that the insurer at its own expense would settle or defend suits and that the insured should not assume any liability or interfere with any negotiation or proceedings, the insurer by assuming to defend an action against the insured was made unconditionally liable for any judgment rendered against the insured up to the amount of the indemnity, and insured was not compelled to pay the judgment in order to recover from the insurer, nor could the insurer escape on the contention that the cause of action was not within the scope of the policy.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by Ernest Fellbaum against the American Indemnity Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Arnold & Cozby, of San Antonio, for appellant.

McAskill & Mauermann, Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellee.

FLY, C. J. This is a suit by appellee, as administrator of the estate of M. D. Carr, deceased, against appellant, in which it is alleged that a judgment was obtained against appellee on March 3, 1917, by Douglas Stough for $4,000; that the judgment was based upon bodily injuries inflicted by M. D. Carr on the said Stough on or about September 27, 1915; that previously said M. D. Carr had obtained from the appellant a policy of insurance which indemnified him against such claims; and that such policy was in full force and effect when the injuries were inflicted. It was further alleged that the suit against him was pending when M. D. Carr died, and appellee was appointed administrator of his estate; that appellant took charge

of the defense in said suit, as provided in the policy of insurance, both for Carr and the appellee, and had exclusive control of said suit. It was alleged that the judgment had been obtained and duly allowed and approved as a claim against the estate of M. D. Carr, and was paid in full by the administrator in the sum of $4,480. The defenses were that the cause of action died with M. D. Carr, and that the administrator borrowed money, without power or authority to do so, to pay off the judgment, and his action was not binding on the estate, and the note given for the borrowed money was not enforceable, and therefore the estate had sustained no loss. The cause was tried by the court and judgment rendered in favor of appellee for $4,760.

[1] Although all the facts were agreed to by both parties, appellant requested the trial judge to file his findings of fact and conclusions of law; but, after the court had complied with the request, appellant sought to strike all out except the introductory sentence that, "The facts are found as set out in the agreed statement of facts." The first and second assignments of error complain of certain conclusions of fact to the effect that the note given by appellee to pay the judgment was executed in good faith and that the judgment was paid with the proceeds of the note. These conclusions were reasonably deducible from facts agreed to by appellant, which are as follows:

"The said Ernest Fellbaum, as administrator of said estate, borrowed from D. A. McAskill and H. C. Carter the sum of $4,480, said McAskill and Carter each giving Fellbaum, as administrator, their checks in the sum of $2,240 each; and to evidence said indebtedness, the said Ernest Fellbaum, as administrator, thereupon at the same time executed and delivered to the said D. A. McAskill and H. C. Carter his promissory note for said sum of $4,480, signed by Ernest Fellbaum as administrator of said estate and payable to the order of the said D. A. McAskill and H. C. Carter, a copy of which said note is hereto attached, marked 'Exhibit C' and made a part hereof. The said note has never been paid. Upon receiving and cashing said checks at the bank and upon receipt of said $4,480 in cash from the bank, the said Ernest Fellbaum, administrator, took said money and paid it to Douglas Stough in full payment of her said judgment, and said Douglas Stough thereupon duly executed and delivered to said Fellbaum, administrator, a release of said judgment, a copy of which is hereto attached and marked 'Exhibit D.' Said money was so handed by the administrator to the said Douglas Stough on said March 14, 1919, in the office of H. C. Carter, and at that time there was present the said Ernest Fellbaum, administrator, and H. C. Carter and Douglas Stough; and said administrator thereupon left, having received the release of the judgment, and thereupon the said Douglas Stough immediately delivered the said $4,-

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

480 in cash to the said H. C. Carter upon an agreement between the said Douglas Stough and the said McAskill and Carter that said sum of money was to be held by the said McAskill and Carter to protect them against loss upon the note so executed to them by the said administrator, reference being here made to the copy of said agreement hereto attached, marked 'Exhibit E' and made a part hereof, for the full terms and conditions of said agreement. Said note has not been paid, and said money has never been returned to the said Douglas Stough."

The original suit of Stough v. Carr was filed by D. A. McAskill, Simmang & Mauermann, Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, as attorneys for the plaintiff, and they obtained the administration on the estate of Carr.

If it should be admitted that there was no testimony to sustain a conclusion that the appellee in good faith paid off the judgment against the estate with the money borrowed by him, still we are of opinion that the conclusions were not at all necessary or essential to upholding the judgment against appellant, for it was provided in the policy that—

"The company at its own expense, will settle or defend said suit whether groundless or not; the moneys expended in said defense shall not be included in the limits of liability fixed under this policy. The assured shall not assume any liability, nor interfere with any negotiation for settlement or any legal proceeding, nor incur any expenses nor settle any claim except at his own cost, without the written consent of the company."

Under the terms of the contract, appellant took absolute control of the defense when the suit for damages was brought against M. D. Carr. Its defense resulted in a judgment against the appellant in the sum of $4,000, payment of which appellant seeks to evade.

[2] A defense by the insurer, in an action on the policy, that a certain claimed liability is not within the policy terms, is waived when it assumes absolute control, under the terms of its contract with insured, of the action brought against the insured to recover damages. Joyce on Insurance, § 2800, and authorities cited. When appellant assumed the exclusive management and control of the suit for damages instituted by Douglas Stough against M. D. Carr, as it was empowered to do under the terms of the policy, it became unconditionally liable for the amount of the judgment rendered against Carr, and Carr was not compelled to pay the judgment in order to recover of appellant. Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L. R. A. (N. S.) 184. As forcibly said by the court in that case:

"By undertaking the defense the company elected to treat plaintiff's cause of action, if he had any, as covered by its contract; and when it substituted itself and its judgment for that of the defendant, both plaintiff and defendant have a right to insist that the final judgment establishes the liability and debt of the company to the assured. The undertaking to defend is of no value, and may be of great danger, to the assured, where it thus abandons all control of the suit to the company, if it does not mean that whatever liability is established shall be discharged."

No reservations were made as to its liability by appellant when it assumed control of the case. The judgment is in effect one against appellant as well as against Carr, and it must pay off and discharge the judgment. There are other authorities that sustain this ruling. Brassil v. Casualty Co., 210 N. Y. 235, 104 N. E. 622, L. R. A. 1915A, 629; Coast Lumber Co. v. Ætna Life Ins. Co., 22 Idaho, 264, 125 Pac. 185; Ins. Co. v. Gas Light Co., 150 Ky. 732, 150 S. W. 994, 43 L. R. A. (N. S.) 1128; Royle Mining Co. v. Casualty Co., 161 Mo. App. 185, 142 S. W. 438; Sanders v. Ins. Co., 72 N. H. 485, 57 Atl. 655, 101 Am. St. Rep. 688; Davies v. Casualty Co., 89 Wash. 571, 154 Pac. 1116; Casualty v. Peppard, 53 Okl. 515, 157 Pac. 106, L. R. A. 1916E, 597; Realty Co. v. Ins. Co., 179 Mo. App. 123, 161 S. W. 624. None of the cases cited as being opposed to the doctrine stated are similar in facts to the case now before us, being cases either where the insurers had not assumed the control of the suits, or where the injured employé sought to recover on judgments against the employer and the insurer. The better considered authorities all concur in holding that the insurer is absolutely liable to the insured on judgments in cases in which the defense has been controlled by the insurer. The Texas cases cited are not in point. We have seen no Texas case that passes on the question.

All of the assignments of error are overruled, and the judgment is affirmed.