## AUTOMOBILE UNDERWRITERS' INS. CO. v. LONG.
### No. 8623.

Court of Civil Appeals of Texas. San Antonio.
May 27, 1931.

Rehearing Denied July 1, 1931.

Cunningham, Moursund & Johnson, of San Antonio, and R. G. Storey, of Dallas, for appellant.

Perry J. Lewis, H. C. Carter, Randolph Carter, and Champe G. Carter, all of San Antonio, for appellee.

FLY, C. J.

This is a suit instituted by appellee as administratrix of the estate of James Long, deceased, to recover of appellant the sum of $10,000, alleged to have grown out of a judgment in favor of Gladys Long against James Long, as damages to said Gladys Long occasioned by the negligence of said James Long in running his automobile into the side of a bridge. Appellant was sought to be held on insurance of James Long against injury to one person in the sum of $5,000, and on the ground that appellant had taken charge of the defense of James Long and had withdrawn during the pendency of the suit, and for neglecting the defense as to permit a judgment for $10,000 to be obtained by Gladys Long against James Long. The cause was heard by the court without a jury, and judgment was rendered for appellee for $5,333 principal, with interest from date of the Gladys Long judgment.

It was the contention of appellant that appellee not only did not co-operate with it in defending the suit, but actually aided and abetted his niece, Gladys Long, in obtaining the judgment against him for $10,000, and colluded with her to fix liability on appellant.

In the policy appellant bound itself to indemnify appellee in any sum up to $5,000, on account of injuries or death inflicted by appellee in the manipulation, handling, or driving of his certain automobile. The evidence showed that Gladys Long was riding in his automobile with her uncle James Long when the car collided with a concrete culvert, and she was seriously injured. Appellee admitted that he took the policy to attorneys, who were to represent Gladys Long in suing for damages. He denied having employed the attorneys. Long admitted that his negligence caused the injuries to his niece. It is not claimed by appellant that Gladys was not injured through the negligence of appellee. The judgment against Long in favor of Gladys was regularly obtained in a court of competent jurisdiction. It is not claimed that it was not a valid and binding judgment. It fixed the liability of James Long, and when that judgment was satisfied by his administratrix the liability of appellant at once attached. It is true that the administratrix borrowed the money to pay off the judgment from an attorney of Gladys Long. The money was paid to the guardian of Gladys Long, and a release of the judgment executed by her to the appellee. The money was then turned over to the attorney to be held by him as security for payment of the note. The whole transaction was had under the order of the probate court.

A judgment was satisfied under almost the same circumstances in the case of American Indemnity Co. v. Fellbaum, 225 S. W. 873, 874, and this Court held:

"When appellant assumed the exclusive management and control of the suit for damages instituted by Douglas Stough against M. D. Carr, as it was empowered to do under

the terms of the policy, it became unconditionally liable for the amount of the judgment rendered against Carr, and Carr was not compelled to pay the judgment in order to recover of appellant."

The Supreme Court, in affirming the judgment in that case, went further than this court and held:

"While the authorities are in conflict, we think the best-considered cases hold that the indemnity company, by 'entering upon the defense of the Miss Douglas, Stough suit, waived the provisions of clause L, or, as it is commonly called, the 'no action clause.' * * *

"We conclude that the provisions of clause L in the insurance policy have no application where the company exercises the right given it under subdivision B to take over the defense of the case." Id., 114 Tex. 127, 263 S. W. 908, 910, 37 A. L. R. 633.

In the case last cited, the Supreme Court held that when an insurance company has appeared and presented the defense in a case of damages against which it has insured, that it cannot urge as a defense against the claim of the insured for reimbursement of the amount of a judgment against him, that insured has not paid off the judgment. Appellant in the present case appeared and defended the suit against James Long. It is true that during the course of the trial attorneys for the insurance company abandoned the cause of Long and left him without counsel. That action merely added increased vigor to the rule pronounced by the Supreme Court. Appellant has placed itself in a position that would certainly preclude it from the defense of failure to pay the judgment. A judgment for $10,000 was the result of the desertion of Long in the midst of the trial.

It is complained that appellee was aiding the prosecution by obtaining medical service for his injured niece and performing other acts dictated by ordinary human sympathy for suffering unintentionally inflicted.

James Long undoubtedly did desire to see his niece recover damages arising from her injuries. The provision of the policy as to aid to be given to the insurance company in its defense, though not fulfilled, could not be pleaded as a defense against the indemnity promised by the insurer. No penalty was attached to the failure to assist in the defense, and the contract of indemnity was not based on such promise. It was not shown that James Long was not liable for damages to Gladys Long inflicted through his negligence in at least the sum of $5,000, and appellant bound itself to pay indemnity under such circumstances to the insured.

Gladys Long was not a member of the household of James Long within the purview of the language of the policy. She was the niece of James Long, but did not live with him, and was not dependent on him. The terms of the policy do not exempt the insurance company from liability for injuries inflicted by the insured upon his relatives, whether members of his household or not, and appellant cannot avoid paying what it has bound itself to pay by any specious defensive pleas.

There is no merit in any of the assignments of error or the propositions thereunder, and the judgment will be affirmed.