## INDEMNITY CO. OF AMERICA v. PITTS et al.

### No. 1617—6032.

Commission of Appeals of Texas, Section A.

March 15, 1933.

See, also (Tex. Sup.) 47 S.W.(2d) 817.

Burgess, Burgess, Chrestman & Brundidge and Touchstone, Wight, Gormley & Price, all of Dallas, for plaintiff in error.

E. G. Senter, M. H. Baughn, and R. J. Johnson, all of Dallas, and J. D. Cottrell, of Plano, for defendants in error.

HARVEY, Presiding Judge.

This suit was brought by Florence Pitts against the Indemnity Company of America and Albert S. Kakisaki on an automobile insurance policy issued by said Indemnity Company, as insurer, to Kakisaki, who is denominated as the assured. The trial court rendered judgment for Florence Pitts, and both defendants appealed. The judgment of the trial court has been affirmed by the Court of Civil Appeals, and the Indemnity Company applied to the Supreme Court for the writ of error, which was granted.

The statement of the case, as contained in the opinion of the Court of Civil Appeals, is adopted. For the sake of convenience, we omit quotation marks except where same appear in the statement made by the Court of Civil Appeals. The statement follows:

In her petition Florence Pitts alleged that on February 9, 1929, she recovered a judgment in cause No. 70471, in a Dallas county district court against said Albert S. Kakisaki for $6,374.35 on account of personal injury she received in an automobile collision which occurred in March, 1927; that in February, 1927, the indemnity company made and delivered to Kakisaki a policy (a copy of which was made a part of the petition) whereby it insured him for a year from that time "against (quoting) loss from death and personal injuries to third persons accidentally suffered by any person or persons (except employes of the assured) as the result of an accident occurring while said policy was in force and in an amount not exceeding the sum of $10,000"; that in March, 1927, "and while said policy was in full force and effect," Kakisaki "negligently, carelessly and unlawfully ran into and against the automobile in which the said Florence Pitts was riding as an invited guest," thereby overturning same and "permanently injuring her, for which said injuries said judgment was rendered"; that the policy contained a stipulation as follows: "In the event a judgment against the assured, arising out of an accident covered under this policy, is returned unsatisfied, because of assured's insolvency or bankruptcy, an action may then be maintained against the Company by the party in whose favor judgment was rendered, or in case of his death, by his personal representatives, for the amount of the judgment, not exceeding the limits of the policy, provided, however, that such party must secure the written consent of the assured, or in case of the assured's death, of assured's personal representative." That after said judgment became final Florence Pitts caused an execution issued thereon to be placed in the hands of the sheriff, who, because he was unable to find property belonging to said Kakisaki on which to levy the writ, returned same unsatisfied; that Kakisaki was wholly insolvent and had been since said judgment was rendered; that "by virtue of the provisions of said policy and of the facts above set out" Florence Pitts claimed "the right to resort to this suit for redress"; that the indemnity company "in accordance (quoting) with the provisions of its said policy took charge of the defense of said suit of plaintiff (Florence Pitts) against the defendant Kakisaki, provided a lawyer and paid the expense of same and wholly controlled said action on behalf of defendant and it thereby recognized its liability under said policy and waived any defense it might have had as to any claim of the assured thereunder, and is now estopped from setting up any defense to said claim and is bound by said judgment"; that "by virtue of the terms and provisions of the policy" set out above it became Kakisaki's duty "to either pay off said judgment

obtained by plaintiff against him or, in the event of his inability to do so on account of insolvency, to deliver to plaintiff his consent in writing for her to sue defendant Indemnity Company of America upon its policy and to enforce the judgment obtained by her against him as aforesaid. That in order to evade his said duty and for the fraudulent purpose of defeating plaintiff's right to proceed against the said Indemnity Company of America as provided for in said policy and under the judgment above referred to, the said Albert S. Kakisaki conspired and colluded with the said Indemnity Company of America to make a pretended cancellation of said policy and for a valuable consideration paid to him, the said Albert S. Kakisaki executed a pretended release of his claim against the said Indemnity Company of America arising out of the matters and things on account of which plaintiff recovered judgment; and that said pretended release and cancellation of said policy was obtained in fraud of plaintiff's rights and for the purpose, participated in by both parties thereto, and because thereof said release and cancellation of said policy never became valid and binding against this plaintiff."

The answer of the Indemnity Company consisted of general and special exceptions questioning the sufficiency of the petition, a general denial, and pleas setting up conditions specified in the policy, compliance with which, it alleged, were indispensable to the existence of any liability on its part to Florence Pitts, and which conditions, it asserted, were not complied with. The answer of Kakisaki consisted of a plea questioning the right of Florence Pitts to join him as a defendant in her suit against the Indemnity Company, a general demurrer questioning the sufficiency of the petition, and a general denial. The general exception and certain of the special exceptions urged by the Indemnity Company were overruled, as was Kakisaki's said plea and general demurrer. After hearing the evidence adduced by the parties, the court below discharged the jury and, on the theory that it conclusively appeared that defendants in error were entitled to such relief, rendered judgment in their favor against the Indemnity Company for the amount ($5,000) sued for, and against it and Kakisaki for the costs of the suit. The writ of error was sued out by both the Indemnity Company and Kakisaki. (Here ends the statement of the case as made by the Court of Civil Appeals.)

■ The Indemnity Company contends that the petition of the plaintiff Florence Pitts, in which her husband joins, is insufficient to show a cause of action, for the following reasons: First, that the petition shows that Kakisaki did not consent for this suit to be brought against the Indemnity Company, and further shows that, by the herein-above quoted policy provision upon which Florence Pitts bases her suit against the company, the consent of Kakisaki is required as a condition precedent to the suit. Secondly, that the petition shows that the policy in question has been canceled by agreement made between Kakisaki and the company. With reference to the first ground, it is sufficient to say that the consent of Kakisaki was a condition precedent to the bringing of a suit of this character against the company, but same, like any other condition precedent prescribed in the policy for the enforcement of the company's liability, was capable of being waived by the parties to the contract. The company waived the provision requiring Kakisaki's consent for the suit to be brought, when it caused Kakisaki to agree that he would not give such consent. This was tantamount to a rescission, by agreement, of the provision requiring such consent as a condition precedent to suit by the beneficiary. With reference to the second ground of contention, there is also lack of merit. It appears from the petition that at the time the agreement for cancellation of the policy was made between Kakisaki and the Indemnity Company, the accident in question had already occurred, and the liability which the Indemnity Company was bound to assume, subject to the terms and conditions of the policy, had already become attached. That Florence Pitts, without her consent, could not be deprived of her rights against the company, by agreement between Kakisaki and the company after her rights had accrued, is perfectly plain. Her rights against the company, subject to the terms and conditions of the policy, accrued the moment the liability of Kakisaki for the personal injuries suffered by her arose. The subsisting obligation of the company, upon which her rights against the company depended, was, of course, originally due to Kakisaki; but even so, that obligation could not, in the absence of a policy provision to that effect, be rescinded, and her dependent rights destroyed, by the agreement to which she was not a party. The trial court properly overruled the general exception to the plaintiffs' petition.

■ The Indemnity Company further contends that the trial court erred in sustaining the plaintiffs' exception (denominated a special exception but which is nothing more than a general exception) to that portion of the company's answer, in which the following defense is pleaded: The company, in its answer, pleaded that the following policy provision was violated by Kakisaki, namely: "The assured shall aid in any litigation or settlement of claims or suits but shall not assume any liability except to provide at the company's expense such immediate surgical relief as is imperative at the time of the accident." With reference to the violation of this clause of the policy, by Kakisaki, the

company alleged, in substance and effect, the following facts: That after the accident occurred, Florence Pitts presented her claim for damages to Kakisaki, and the latter duly notified the Indemnity Company of said claim. That, in violation of the above provision of the policy, Kakisaki gave the attorneys for Florence Pitts a written statement in which he falsely stated, as facts, certain acts and conduct of his which would show that the injuries suffered by Florence Pitts were proximately caused by his negligence. That afterwards, to wit, on November 7, 1928, the company notified Kakisaki that, on account of the violation of said policy provision, as stated, the company was no longer liable under the policy, and that thereupon Kakisaki agreed, for a valuable consideration, to the cancellation of the policy, and to surrender his right "to give permission to said plaintiff in writing to institute suit against the said company upon said policy." We have no doubt that the alleged false statement which was given by Kakisaki to the attorneys for Florence Pitts violated the above-quoted policy provision, and, if the company had remained standing on the breach of the insurance contract in the respect stated, as ground for rescission of the insurance contract, the company could have escaped from all liability. But even should it be conceded that the trial court erred in sustaining the plaintiffs' exception to this portion of the company's answer, the error became harmless, as we shall proceed to demonstrate. One of the obligations of the company to Kakisaki, under the policy, is prescribed as follows: "The company will defend all suits against the assured in his name and in his behalf," etc. At the trial of the present case the testimony showed, without dispute, that the former suit by Florence Pitts against Kakisaki (cause No. 70471), for damages on account of the injuries suffered by her, was tried, and judgment rendered in her favor, on February 4, 1929; that the company, through its regularly employed attorneys, appeared and contested said suit in behalf of Kakisaki, and in his name. It thus appears that, notwithstanding the company, as early as November 7, 1928, had knowledge of the fact that Kakisaki had breached the insurance contract by giving the false statement to the attorneys for Florence Pitts, as alleged, the company went forward in the performance of its obligation to defend, in behalf of Kakisaki and in his name, the suit which Florence Pitts brought against him. In doing this the company waived the breach that had occurred, as affording ground for rescinding the insurance contract, at least so far as the rights of Florence Pitts are concerned.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be affirmed.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.