OHIO CASUALTY INS. CO. v. BECKWITH.

No. 7403.

Circuit Court of Appeals, Fifth Circuit.

Dec. 13, 1934.

Rehearing Denied Jan. 11, 1935.

John F. Battaile, of Houston, Tex., for appellant.

M. S. McCorquodale, of Houston, Tex., and Douglas W. McGregor, of Houston, Tex., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellee, having been injured in an automobile accident, in which William Merrill, Jr., the owner and driver of the automobile was killed, and having recovered judgment for $7,500 against Merrill's widow as executrix of his estate, in an action based upon Merrill's negligence in operating his automobile [Merrill v. Beckwith (C. C. A.) 61 F.(2d) 912], but not having realized anything on that judgment, brought this action to recover the amount thereof against appellant upon a policy of automobile liability insurance, which it had issued to Merrill and which was in force at the time of the accident. The policy, in the event of damage "by" the automobile covered by it, insures "against direct loss or expense by reason of the liability imposed upon the assured by law," within the limits of $10,000 for bodily injury or death accidentally suffered by a single person, and of $20,000 if several persons should be injured or killed in any one accident. Upon condition that the assured upon the occurrence of any such accident should give the insurer immediate notice in writing, it binds the insurer to investigate all such accidents and to defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim for damages on account of bodily injury or death; "to pay all costs taxed against the Assured in any such defended suit and all expenses incurred by the Company, also all interest accruing after entry of judgment, upon such part thereof as shall not be in excess of said limits of liability, until the Company has paid, tendered or deposited in Court, such part of such judgment as does not exceed the limit of the Company's liability," etc. It provides that no action shall lie against the insurer "to recover for any loss and/or expense covered by this policy arising or resulting from claims upon the Assured for damages or be sustainable unless brought after the amount of such claim * * * shall have been fixed and rendered certain, either by final judgment against the Assured after trial of the issue or by agreement between the parties with the written consent of the Company." A so-called "co-operation" clause reads as follows:

"If action be brought against the Assured to enforce a claim for damages covered under this policy, the Assured shall immediately notify the Company and promptly forward to it every summons or other paper or process served on or received by him in connection therewith. The Assured when requested by the Company shall aid in effecting settlements, securing evidence, the attendance of witnesses and in prosecuting appeals. The Company shall not be liable under this policy if the Assured shall voluntarily assume any liability, settle any claim, incur any expense, or interfere in any negotiation or legal procedure without the consent of the Company previously given in writing."

At the time of the death of William Merrill, Jr., the assured, he, and his wife were residents of Houston in the Southern District of Texas. After his death, his will was probated at Houston, where Mrs. Merrill qualified as executrix and was continuing to reside when appellee, a citizen of Alabama, brought his suit against her as such executrix in the District Court for the Southern District of Texas. She gave the insurer immediate written notice of the automobile accident, and, upon being sued, promptly notified it of the suit and forwarded to it all papers served on or received by her in connection therewith. In that suit she waived service of process and voluntarily entered her appearance; but, with notice that she had done so, the insurer took full charge of and conducted the defense both in the trial court and on appeal.

Appellant defended this suit against it on the grounds: (1) That its policy is one, not of insurance against liability incurred by the assured, but of indemnity against loss actually sustained by him; and, since the executrix had paid no part of appellee's judgment against her, that the estate of the assured had not suffered any loss; (2) that in appellee's suit against her the executrix, by waiving service of process and voluntarily entering her appearance, violated the "co-operation" clause of the policy, and thereby relieved appellant of all liability under it; and (3) that in any event the policy was issued solely for the benefit of the assured, and therefore a third party, though injured

by the negligent operation of the assured's automobile, has no right to maintain an action against the insurer upon it.

The case was upon written stipulation tried before the District Judge without a jury, and resulted in a judgment for appellee for the amount for which he sued, which was less than the limit of liability assumed by the policy for injury to a single person. Appellant assigns error upon the denial of a motion for judgment in its favor, and renews here the contentions it made in the district court.

■ There is a type of policy which insures against liability of the assured, and which becomes enforceable as soon as his liability is established. There is another type which indemnifies the assured against loss and which may not be enforced until after the assured has sustained actual loss. The distinction between these two types is of long standing and is well recognized. Whether a particular policy falls in one class or the other depends, of course, upon the intention of the parties as disclosed by the insurance contract. Where the intention is that the insurer shall not be liable unless and until the assured pay the loss, it has become the invariable custom to insert a clause providing that no action shall lie against the insurer, "unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after a trial of the issue." A policy which does not contain such a "no action" clause, but insures against loss by reason of liability imposed upon the assured by law, and also contains provisions to the effect that the assured will immediately notify the insurer of any injury to persons or damage to property covered by it, and will not settle any claim growing out of such injury or damage without the consent of the insurer, that the insurer will defend in the name of and on behalf of the assured any suit brought against the latter to enforce any such claim, is, as it is quite uniformly held to be, a policy of insurance against liability, and not a mere contract of indemnity against loss. Malley v. American Indemnity Corporation, 297 Pa. 216, 146 A. 571, 81 A. L. R. 1322; Schambs v. Fidelity & Casualty Co. (C. C. A.) 259 F. 55, 6 A. L. R. 1231; American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633; Fentress v. Rutledge, 140 Va. 685, 125 S. E. 668; Blanton v. Cotton Mills Co., 103 Kan. 118, 172 P. 987, L. R. A. 1918E, 541; Maryland Casualty Co. v. Peppard, 53 Okl.

515, 157 P. 106, L. R. A. 1916E, 597; Note to 48 L. R. A. (N. S.) 184. Such a policy is the one here under consideration. It contains all the essential provisions just above referred to, and omits the "no action" clause.

■ There is nothing of merit in the contention that appellant was relieved of liability on the ground that the executrix, by waiving personal service of process and voluntarily entering her appearance, violated the "co-operation" clause. The executrix complied with the obligation of the assured in respect of notice of suit, and she did not assume any liability or make any effort to settle the claim upon which appellee's judgment against her was based. She did not, as it appears to us, violate any provision, express or implied, of that clause. But, if she did, the insurer waived the breach by going ahead with notice of it, and taking full charge of and defending the suit. Malley v. American Indemnity Corporation, supra; Fentress v. Rutledge, supra. It seems clear that the executrix could have maintained the suit on the policy without first paying off appellee's judgment against her.

■ Whether appellee, the injured third party and judgment creditor, can also maintain an action upon the policy presents a question which, so far as we are advised, has not been decided in any reported case in an action by one in appellee's position upon this particular kind of policy. Usually the assured, if solvent, pays the judgment which the injured person recovers against him, and himself sues the insurer; or, if the assured be insolvent, the injured party after recovering judgment against him garnishees the insurer. Fentress v. Rutledge, supra; Employers' Liability Corporation v. Bodron (C. C. A.) 65 F.(2d) 539. Some policies provide that, if the assured be insolvent or bankrupt, an injured person may sue the insurer. And so, except in a case involving a policy of the type last mentioned, the occasion rarely, if ever, arises where an injured third party, in order to collect his judgment, is obliged to resort to an independent suit against the insurer. It does not appear here whether the executrix is solvent or insolvent. All we know is that appellee, after obtaining judgment against the personal representative of the assured, brought this suit against the insurer. As appellant's policy contains no bankruptcy or insolvency clause, decisions in suits on policies in which, like those above referred to, such a clause

was inserted, are not in point as authority or precedent for this suit. But, if the action is without precedent, it but undertakes to make a new application of an old, established principle of law.

The insurer agreed, not affirmatively and in so many words, but in effect and by clear implication, to pay to the extent of its liability any judgment a person injured in the manner that appellee was might recover against the assured or his estate. Appellee's judgment was for less than the liability thus assumed, and so the insurer, if liable at all, became liable for the whole of it. This being so, the agreement of the insurer to pay interest on appellee's judgment until it, not the executrix, had paid such judgment, meant, and could only mean, that the insurer bound itself to pay the amount of that judgment. A clause of the policy recognizes the right to sue after a claim for damages has been fixed and rendered certain, but does not state who may bring the suit. The policy nowhere provides that an injured person may not sue the insurer to enforce payment of his judgment. The conclusion is inescapable, as it seems to us, that appellant's policy confers a benefit upon an injured person who recovers a judgment against the assured in an action for damages coming within its provisions. If appellant had agreed to pay a debt which the assured owed to appellee, the latter would have had a clear right to enforce the contract. There is no difference in principle in the obligation assumed by the policy. "A promise to discharge the promisee's duty creates a duty of the promisor to the creditor beneficiary to perform the promise." Restatement, Contracts, § 136. See also note in 81 A. L. R. at page 1279, where this is stated to be the majority American rule, and where decisions of the courts on the subject are cited and reviewed. Where a contract creates a right or imposes a duty in favor of a third person, the law presumes that the parties intended to confer a benefit on him and furnishes him a remedy. 81 A. L. R. 1287; Durnherr v. Rau, 135 N. Y. 219, 32 N. E. 49. And this is so, although the primary purpose of the parties to the contract was to benefit themselves. Byram Lumber Co. v. Page, 109 Conn. 256, 146 A. 293. In such a case the third party need not be known or know of the contract at the time it is entered into; it is sufficient that he can be identified and is able to establish the fact that he is a beneficiary. Whitehead v. Burgess, 61 N. J. Law, 75, 38 A. 802.

The judgment is affirmed.