**UNITED SERVICES AUTOMOBILE ASS'N v. ZELLER et al.**

No. 10513.

Court of Civil Appeals of Texas. San Antonio.

Aug. 30, 1939.

Rehearing Denied Dec. 30, 1939.

162

Russell, McMillan & Russell, of San Antonio, for appellant.

Eskridge & Groce and Russell Talbott, all of San Antonio, for appellees.

SMITH, Chief Justice.

This action was brought by Monica Flanigan Zeller, joined pro forma by her husband, John Batiste Zeller, and her mother, Pearl K. Flanigan, against United Services Automobile Association, to subject the proceeds of a policy of automobile insurance issued by it to Captain Homer Chandler to the payment of a judgment rendered by the Superior Court of San Diego County, California, in favor of the plaintiffs against Captain Chandler's son, Homer Chandler, Jr. The cause was tried to a jury upon whose findings judgment was rendered in favor of plaintiffs in the amount of $6,326, being the limit of liability under the policy. The defendant Association has appealed.

Captain Homer Chandler will be referred to hereafter as Captain Chandler, and his son, Homer Chandler, Jr., who was twenty years of age at the time of the transaction under inquiry here, will be referred to as Junior. When the accident hereinafter mentioned occurred and the judgment based thereon was rendered by the California court, the appellee, Monica Flanigan Zeller, was a single woman, her maiden name being Monica Flanigan. She will be referred to herein as Monica Zeller.

The appellant, a reciprocal insurance exchange organized under the laws of Texas, and being engaged principally in writing automobile insurance for warrant officers and officers of the United States army and navy, with its home office in San Antonio, Texas, issued its policy of insurance to Captain Chandler, then stationed at Rockwell Field, Coronado, near San Diego, California. Under the terms of the policy, which designated Captain Chandler as "the subscriber," the appellant agreed to indemnify the assured for "loss resulting from claims or suits arising from bodily injuries or death accidentally suffered or alleged to have been suffered by any person or persons, based on the operation or maintenance of the automobile insured hereunder * * as the result of an accident occurring while this policy is in force * * *". The policy further provided: "The liability of the exchange is extended to cover as additional assureds * * * though not subscribers, any persons riding in or legally operating said automobile, * * * provided that such use * * * is with the permission of the Subscriber or an adult member of his household * * *," and that "the Exchange will indemnify the Subscriber against loss incurred in connection with any final judgment against the Subscriber * * * and the Exchange will defend at its cost, but in the name of and on behalf of the Subscriber, all suits for damages alleged to have been suffered by reason of an accident during the contract period, even though such suits are groundless, false or fraudulent."

The policy also required the Subscriber to forward to the appellant "every notice, summons, citation or other process delivered to or served on the Subscriber on behalf of third persons," as well as the names of witnesses to the accident, and to render to appellant all requested aid "in securing information, effecting settlement and prosecuting suits, defenses and appeals," and prohibited the Subscriber from assuming or admitting any liability, and from compromising, adjusting or settling any claim, without the written consent of appellant.

The policy contained, in effect, the familiar "no action clause", providing that

appellant shall not be liable unless suit be brought against it "by the Subscriber in his own name for monies actually paid out by the Subscriber in satisfaction of a final judgment of a court of competent jurisdiction after trial of· the issues of liability and amount."

The automobile covered by the policy was owned by Captain Chandler, and on July 20, 1934, this car, while being driven by Junior, was involved in an accident in the City of San Diego, California, resulting in personal injuries to appellee, Monica Zeller (then Monica Flanigan), who was riding as a guest therein and who thereafter instituted suit in the Superior Court of San Diego County, California, against Junior and Captain Chandler to recover damages for said injuries. The appellant insurance company, through its attorney, John Coker, took complete charge of the defense of that suit, filed answers for both Junior and Captain Chandler, took depositions of witnesses, and conducted the defense of Junior in the trial of the case, until a final judgment in excess of $15,000 was rendered against him on March 20, 1935, · Captain Chandler having been dismissed from the case at the close of plaintiff's evidence. Coker abandoned the defense after judgment, which thereupon, and by reason of that abandonment, became final.

A writ of execution was issued on said judgment and returned "nulla bona", Junior being insolvent and having no assets out of which the judgment could be satisfied; and the judgment not having been paid, this action was brought in a district court of Bexar County, Texas, against appellant by Monica Zeller, the injured party, joined pro forma by. the other appellees, to subject the proceeds of the policy to the payment of the judgment, with the result stated.

Appellant contends that the injured party, Monica Zeller, had no right of recovery under the policy for the following reasons:

1. That Junior was not an additional assured under the policy, because he drove the automobile without the permission of the subscriber, Captain Chandler, or of an adult member of the subscriber's household, and therefore did not come within the provisions of the policy covering additional assureds.

2. That the "no action clause" of the policy provided that the appellant shall not be liable unless suit be "brought by the subscriber in his own name for monies actually, ly paid out by the Subscriber in satisfaction of a final judgment," the policy being a contract of indemnity against loss actually suffered by such subscriber and not one of indemnity against liability imposed against the subscriber.

3. That the policy contained no "bankruptcy or insolvency clause" giving the injured third party a right to bring suit thereon in the event the judgment in favor of such party be unsatisfied by reason of the insolvency or bankruptcy of the assured; and that under the terms of the policy, no right of recovery thereon could inure to anyone other than the named subscriber.

4. That said injured party's recovery in the California suit being based solely on "willful misconduct" of Junior in operating the automobile in question, the injuries suffered in that case were willfully inflicted and therefore not covered by the policy, which insured the subscriber against loss resulting from suits arising from bodily injuries accidentally suffered as a result of an accident, this contention being based on the theory that injuries resulting ·from "willful misconduct" under the California Guest Injury Statute, St.Cal.1929, p. 1580, § 141¾, as amended by St.1931, p. 1693, as defined by the trial court in that suit, are not the result of an "accident".

5. That the policy, by reason of its provisions obligating the insurance company to defend suits on behalf of the assured, was a contract to practice law on the part of the insurer, which was not a licensed attorney, and was therefore void as against public policy.

In response to special issue No. 11, the jury found that Junior had "implied permission" of Captain or Mrs. Chandler to drive the Hudson automobile on the night of the accident. Junior's mother, Mrs. Chandler, was an "adult member" of the subscriber's household, within the contemplation of the policy. Appellant complains of the action of the trial court in submitting this· issue and in not giving a peremptory charge in its favor on the grounds that there was no evidence, or the evidence was insufficient, to warrant the submission of such issue or to support the jury's ·finding in response thereto. We overrule that contention, being of the opinion, after careful study of the record, that the evidence was sufficient to take that issue to the jury, whose finding thereon is binding upon this Court as it was upon the court below

Appellees contend that the evidence was not only sufficient to support the jury's finding on the issue of implied permission, but that appellant is estopped to deny non-coverage, because it took complete charge of the defense of Junior in the California suit throughout the litigation, with full knowledge of all the facts and without raising any question as to liability or non-coverage. While we are of the opinion that appellant is estopped to deny coverage, as appellees contend, we need not definitely so hold as a basis for this decision, since the issue of coverage is settled by the jury finding of implied permission to Junior to drive the car on the occasion of the accident.

Appellant contends that under the "no action clause" of the policy it should not be held liable unless suit be "brought by the Subscriber in his own name for monies actually paid out by the Subscriber in satisfaction of a final judgment," and that the policy was a contract of indemnity against loss and not one of indemnity against liability. The policy provided that "the Exchange will defend at its cost, but in the name of and on behalf of the Subscriber, all suits for damages alleged to have been suffered by reason of an accident during the contract period, even though such suits are groundless, false or fraudulent," and required the Subscriber to forward to appellant all notices, summons citations and other process served on the assured and the names of all witnesses to the accident, to render to appellant all requested aid "in securing information, effecting settlement, and prosecuting suits, defenses and appeals," and prohibited the Subscriber from assuming or admitting any liability and from compromising, adjusting or settling any claim, without the written consent of appellant.

■ In pursuance of the above provisions of the policy, appellant, through its attorney, John Coker, took complete charge of the defense of Junior in the suit for damages brought by appellee, Monica Zeller, in the Superior Court of San Diego County, California, and controlled, directed, maneuvered and in all its details managed Junior's defense from the institution of the suit until judgment was rendered against the twenty year old boy for more than $15,000, whereupon the attorney abandoned the defense and by his conduct caused the judgment to become final by failure to advise or prosecute an appeal therefrom.

It is true that a few hours before actual entry into the trial the appellant's attorney denied liability to Junior (upon a stated ground which he knew had existed all the while before) but, without any sort of reservation of rights, continued in the defense of the obviously bewildered boy, whom it was obligated, under its policy, to defend throughout the case. If it assumed to withdraw from that defense on the eve of the trial, it thereby not only violated the provisions of its policy, but every canon of good faith as well, in view of all the circumstances of the case. It is well established that by its course of conduct appellant waived the "no action clause" of the policy and became unconditionally bound and obligated to pay, to the extent of the limits of the policy, the judgment rendered against the additional assured, Homer Chandler, Jr., American Indemnity Co. v. Fellbaum, Tex.Civ.App., 225 S.W. 873; Id., 114 Tex. 127, 263 S.W. 908, 37 A.L.R. 633; Automobile Underwriters' Ins. Co. v. Murrah, Tex.Civ.App., 40 S.W.2d 233, writ refused; Automobile Underwriters' Ins. Co. v. Long, Tex.Civ.App., 39 S.W.2d 1102; Id., Tex.Com.App., 63 S.W.2d 356; Indemnity Co. of America v. Pitts, Tex.Comm. App., 58 S.W.2d 53.

■ Appellant contends that Junior "agreed" that he was not covered by the policy as an additional assured and that its attorney, John Coker, in conducting the defense of Junior in the actual trial of the case in California, did so as Junior's personal attorney and not as an attorney representing the interests of appellant. The entire record belies this claim and we overrule that contention on the facts.

■ Appellant contends that Monica Zeller, the injured third party, had no right of recovery under the policy because there was no contractual relationship between her and the insurer and the policy contained no "bankruptcy or insolvency clause" giving said injured party a right to bring suit thereon in the event the judgment in her favor be unsatisfied by reason of the insolvency or bankruptcy of the assured. In Ohio Cas. Ins. Co. v. Beckwith, 5 Cir., 74 F.2d 75, 78, this same question was presented, and the court held that the injured third party had the right to bring action upon the policy against the insurance company to recover the amount of the judgment. In passing on this question the court said: "The conclusion is inescapable, as it seems to us, that appellant's policy

confers a benefit upon an injured person who recovers a judgment against the assured in an action for damages coming within its provisions. If appellant had agreed to pay a debt which the assured owed to appellee, the latter would have had a clear right to enforce the contract. There is no difference in principle in the obligation assumed by the policy. 'A promise to discharge the promisee's duty creates a duty of the promisor to the creditor beneficiary to perform the promise.' Restatement, Contracts, § 136. See also note in 81 A.L.R. at page 1279, where this is stated to be the majority American rule, and where decisions of the courts on the subject are cited and reviewed."

In Sanders v. Frankfort Marine, etc., Ins. Co., 72 N.H. 485, 57 A. 655, 659, 101 Am.St.Rep. 688, the court held that the injured party, after recovering judgment against the assured, may bring action against the insurance company, and that "because they assumed—in legal effect, agreed to pay—the assured's liability to this plaintiff to the extent of $5,000, equity requires them to perform their agreement by payment to him," and that "the facts that the plaintiff is in no way a party to the contract of indemnity, that he paid no part of the consideration, that the contract was one exclusively between the paper company and the insurance company for the protection of the former, upon which reliance is placed, are not decisive in equity."

We agree with the rule announced by the above authorities, and hold that appellee, Monica Zeller, had the right to bring this action.

Said appellee was also entitled to bring this action by virtue of a statute of the State of California, which, as alleged and proved by her, provides, in part, as follows: "No policy of insurance against loss or damage resulting from accident to, or injury suffered by another person and for which the person insured is liable * * * shall be issued or delivered to any person in this state by any domestic or foreign insurance company, authorized to do business in this state, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injuries sustained or loss occasioned during the life of such policy and stating that in case judgment shall be secured against the insured in an action brought by the injured person * * * then an action may be brought against the company, on the policy and subject to its terms and limitations, by such injured person * * * to recover on said judgment." St.Cal.1919, p. 776.

The record is silent as to whether or not appellant was authorized to do business in the State of California, but the record shows conclusively that it was actually doing business in that state on a comparatively large scale when the policy was delivered by it to Captain Chandler in California, and if such authorization did not exist appellant would be estopped to set up its own dereliction in not obtaining authority to do business in that state, and in operating in the state in defiance of the law, as a defense to this action. 24 Tex.Jur. p. 662; Millers' Indemnity Underwriters v. Patten, Tex.Civ.App., 238 S.W. 240, affirmed, Tex.Comm.App., 250 S.W. 154.

The appellant failed to incorporate in its policy the provision prescribed by the above statute, giving the injured party a right of action against the insurer, but under a well-settled rule of law, the statute became a part of the contract and such provision will be read into the policy as if actually incorporated therein. Occidental Life Ins. Co. v. Jamora, Tex.Civ.App., 44 S.W.2d 808.

The suit against Junior in the Superior Court of San Diego County, California, was brought under the Guest Injury Statute of that state, which prohibits recovery by a guest as against a host for injuries resulting from an automobile accident, except for "willful misconduct" or intoxication of the driver; and appellant contends that since appellees' recovery in that case was based solely on "willful misconduct" of Junior in operating the automobile, the injuries suffered were willfully inflicted and therefore not covered by the policy, which insured against loss resulting from an "accident." This contention is based on the theory that under said statute injuries resulting from "willful misconduct" are not the result of an "accident." In support of this proposition, appellant relies upon the written instructions of the trial court to the jury in that case, in which "willful misconduct" was defined. We shall not attempt to set out the lengthy instructions given by that court on this point, but a typical portion thereof is as follows:

"As contrasted with negligence, willful misconduct is something different from and

more than negligence, however gross. A person is guilty of willful misconduct if he intentionally does an act which causes an injury to his guest or with knowledge of the situation creating a peril he intentionally does an act which he should not do with a wanton or reckless disregard or indifference to the consequences and with the knowledge that such act will probably result in injury to his guest."

\* \* \* \* \* . \*

"Willful misconduct depends upon the facts of a particular case and necessarily involved deliberate, intentional or wanton conduct in doing or omitting to perform acts with knowledge or appreciation of the facts on the part of a culpable person that danger is likely to result therefrom."

In other parts of the trial court's charge in that case, the collision involved was referred to several times as "the accident," and the jury was instructed that "if you find \* \* \* that the defendant, Homer Chandler, Jr. was guilty of willful misconduct proximately contributing to the accident \* \* \* then it would be proper for you to bring in a verdict in favor of the plaintiffs."

It is evident that the trial court in that case considered the collision to be "an accident," and we do not construe its charge defining "willful misconduct" to restrict recovery in that case to injuries willfully or intentionally inflicted. We find no evidence in the record that Junior, on the occasion of the accident, was motivated by an intent and purpose to injure the appellee, Monica Zeller, and it is our opinion that her injuries resulted from an accident within the meaning of the policy.

■ Appellant's contention that the policy, obligating the Exchange to defend suits brought against the assured was a contract to practice law, and therefore void, is obviously without merit and is overruled accordingly.

■ Appellant complains of the action of the trial court in compelling Max Wier, appellant's general counsel, to testify as to contents of "confidential communications from appellant's local counsel, Mr. Coker, to the effect that Mr. Wier thus learned from Mr. Coker in January, 1935, that Junior was operating the car at the time without Senior's consent." If this were a matter of privileged communication, which it is not necessary for us to decide, its admission in evidence was harmless error, for it appears from other competent evidence in the case that appellant through its attorney and duly authorized representative, John Coker, had such knowledge as early as August 17, 1934, when he filed answers in the California case on behalf of Junior and Captain Chandler, in which he denied under oath that Junior drove the car on the occasion of the accident "with the consent, express or implied," of Captain Chandler. The disposition of this case does not depend upon the question of estoppel to deny non-coverage, involving the testimony as to appellant's prior knowledge of the facts upon which it later denied liability.

In a number of assignments and propositions, appellant complains of the admission of evidence and the submission of special issues on the excepted risks of the policy, all of which are overruled as without merit.

The judgment is affirmed.

On Motion for Rehearing.

■ In the third ground of its motion for rehearing appellant for the first time makes the contention that, because the policy involved was delivered to the insured within territory previously ceded to the United States Government by the State of California, the relevant laws of that State cannot be applied in the enforcement of the terms of the policy. The contention, raised for the first time on motion for rehearing, comes too late for consideration in this Court. Moreover, even if the contention had been timely made, and were good, it is not ·decisive here, since the judgment must be, and has been, affirmed for other reasons.

■ Under its eighth ground in its motion for rehearing, appellant presents for the first time its proposition that Junior was not an additionally assured under the policy, because he violated a penal code of California in driving the car on the occasion of the accident without a driver's license, and therefore was not "legally operating" the car within the provision of the policy extending coverage to any person "legally operating said automobile with the permission of the subscriber." No statement of fact or reference to this matter was made by appellant under any appropriate assignment of error or proposition in its brief, as required by rule 31 for the Courts of Civil Appeals, and therefore, this proposition made for the first time in appellant's motion for rehearing presents no question for consideration of this Court.

Under appellant's ninth ground in its motion, it complains that the court erred in not holding inadmissible the testimony of Max Wier as to confidential communications. The proposition in appellant's brief presenting this question was not supported by an appropriate assignment of error. The proposition is found on page 34 of appellant's brief, and though it was stated that this was germane to assignments 3 and 19, an examination of those assignments discloses nothing pointing out this specified error, and therefore, even if the proposition presented error, it would not require reversal.

Appellant's motion will be overruled.