**UNITED STATES of America,
Plaintiff,**

**v.**

**CALIFORNIA STATE AUTOMOBILE ASSOCIATION and California State Automobile Association Inter-Insurance Bureau, Defendants.**

**Civ. No. S-2492.**

United States District Court,
E. D. California.

Nov. 13, 1974.

Dwayne Keyes, U. S. Atty., Richard Nichols, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

John J. Healy, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

This is an action, in three counts, by plaintiff United States of America seeking recovery from defendants California State Automobile Association and California State Automobile Association Inter-Insurance Bureau, for the sum of $1,172.30 plus costs of suit. Recovery is sought for the expenses of medical, surgical, hospital and ambulance care afforded to William P. Meyer, Jr., one of the defendants' insureds, and Otto D. Lovato, a rider in Meyer's automobile at the time of an accident which caused injury to Meyer and Lovato. Title 28 USC § 1345 grants original jurisdiction to this court over all civil actions, suits, or proceedings by the United States.

The facts of this case are not in dispute and will be recited here. On the night of February 6—February 7, 1971, Meyer was driving and Lovato was riding in an automobile owned by Meyer, proceeding in a northerly direction over Interstate Highway 80 at its overpass of State Highway 160 in the County of Sacramento. At that point, Meyer drove the automobile in such a manner as to cause it to collide with a highway guardrail and to exit the highway forcibly.

At the time of the accident Meyer was a Hospital Corpsman First Class and Lovato was a Hospital Corpsman Third Class in the United States Navy, and as such were entitled to receive medical, surgical, hospital and ambulance care at the expense of the United States in accordance with Title 10 USC §§ 1074 and 6203. In fact, the United States provided such care in the amount of $1,110.10 to Meyer and $61.20 to Lovato.

It is further undisputed that Meyer was a party to a current automobile insurance contract with defendants which insurance contract purportedly granted medical coverage for injuries caused by accident to both Meyer and occupants of Meyer's vehicle.

The United States as plaintiff seeks to recover the total cost of the medical, surgical, hospital and ambulance care which it provided to Meyer and Lovato under three separate theories: (1) that the United States is an "insured" party within the meaning of the automobile insurance policy issued by defendants to Meyer; (2) that the United States is a third-party beneficiary with respect to the medical payment provisions of defendants' automobile insurance policy issued to Meyer; (3) that the United States is a subrogee with respect to the interests of Meyer and Lovato.

As the questions presented by this case are purely legal ones dealing with interpretation of the automobile insurance policy, the law relating to third-party beneficiaries, and the law of subrogation, the case is appropriately here on cross motions for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). Since the status of the United States as an "insured" party under the insurance policy is irrevocably tied with the status of the United States as a third-party beneficiary, we deal with the two questions in conjunction.

The automobile insurance policy between defendants and Meyer [hereafter the policy] is a standard printed form used by defendants throughout their extensive automobile insurance system. Part II of this policy relates to the payment for expenses of medical services and is relevant here. In Part II defendants promise as follows:

"To pay all reasonable expenses incurred by the insured or any other person who sustains bodily injury within one year from the date of the accident . . . .:

*Division 1.* To or for the named insured and each relative who sustains

bodily injury, including death resulting therefrom, hereinafter called 'bodily injury' caused by accident. . .

*Division 2.* To or for any other person who sustains bodily injury caused by accident while occupying (a) the owned automobile while being used by the named insured . . . . "

Under the definitions section of Part I of the policy, which applies also to Part II, the following definitions are relevant:

"*named insured* means the individual named in Item 1 of the declarations [Meyer] and also includes his spouse, if a resident of the same household. *insured* means a person or organization described under 'persons insured' *persons insured*: The following are insureds under Part I [but also applied expressly to Part II]: (a) with respect to the owned automobile, (1) the named insured, (2) any other person using such automobile with the permission of the named insured . . and (3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above; . . . "

The United States contends that it is an "insured" [as opposed to a "named insured"] because it is an organization within the meaning of the definition of "persons insured." This contention is grounded in the language of Part II which provides for coverage of medical expenses incurred "by the insured." Defendants in their briefs have argued that Meyer and Lovato incurred no expenses at all for the care they received, since it was all accorded to them free-of-charge by the United States. Thus, argue defendants, there have been no "reasonable expenses incurred by the insured." But, defendants appear to overlook the fact that their policy makes a distinction between "insureds" ["persons insured"] and "named insureds" and while the named insureds in fact incurred no expenses, the insured [person insured] may have done so.

Certainly, the policy attempts to draw a distinction between "named insured" and "insured" ["persons insured"]. The latter is a broader term. The "named insured" is defined as the person named in the policy and that person's spouse if a resident of the same household. The "insured" ["persons insured"] adds to the named insured two additional kinds of persons: (1) any other person using the automobile with permission of the named insured, and (2) any other person or *organization* but only with respect to his or its liability because of acts or omissions of a named insured, or a person using the automobile with permission of the named insured.

■ As applied to this case, the clear intendment of the policy's language is to extend defendants' liability to a person or organization which incurred liability due to the acts or omissions of Meyer in driving his automobile. As noted above, the defendants agree to "pay all reasonable expenses incurred by the *insured*," and a person or organization which incurred liability due to the acts or omissions of Meyer in driving his automobile is such an "insured."

■ "Organization" is defined as a corporation, government or governmental subdivision, or agency. Ballentine's Law Dictionary 3d Ed. (1969). Clearly, the United States can be an "organization" within the plain meaning of the policy, but the question remains whether the scope of the insurance policy can be extended to encompass liability of the defendants to the United States as, in effect, a third-party beneficiary of the policy.

■ Although the precise question presented here has not arisen in this Circuit, decisions of the Courts of Appeal of three other Circuits are, we think, dispositive of the issue. In United States v. United Services Automobile Association, 431 F.2d 735 (5th Cir. 1970), cert. den. 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 440 (1971); United States v. State Farm Mutual Automobile Insurance Co., 455 F.2d 789 (10th Cir. 1972); and United States v.

Government Employees Insurance Co., 461 F.2d 58 (4th Cir. 1972), the United States was held to be a third-party beneficiary under the contracts of insurance issued by defendant insurance companies to insured members of the military or dependents. In all cases, as here, the United States was under a statutory duty to pay for medical care furnished to the insured pursuant to 10 USC § 1074 [or 10 U.S.C. § 1076 in the case of military dependents]. In all cases, as here, the policy of insurance extended the insurance company's liability to not only the named insured, but to any other person or organization rendering services to the insured or for expenses incurred on behalf of the insured.

The policy in the instant case commits the defendants to pay for all reasonable expenses incurred by the insured " . . . to or for the named insured [Meyer]; to or for any other person who sustains bodily injury caused by accident while occupying the owned automobile while being driven by the named insured [Lovato]."

As noted by United States v. State Farm Mutual Automobile Insurance Co., 455 F.2d 789 (10th Cir. 1972):

> "It is a general rule that where the third-party beneficiaries are so described as to be ascertainable, it is not necessary that they be specifically named in the contract in order to recover thereon and it is not necessary that they are identifi[ed] at the time the contract is made." 455 F.2d at 791

Where a contract creates a right or imposes a duty in favor of a third party, the law presumes that the parties intended to confer a benefit on the party and allows the party a remedy. Ohio Casualty Insurance Co. v. Beckwith, 74 F.2d 75 (5th Cir. 1934); Rotermund v. United States Steel Corp., 474 F.2d 1139 (8th Cir. 1973).

The United States as a third-party beneficiary of the insurance policy is entitled to recover from defendants the reasonable value of the medical, surgical, hospital and ambulance care rendered to sailors Meyer and Lovato. To hold otherwise would ignore the clear language of the policy and would grant the defendants a windfall by enabling them to escape their contractual obligations merely because their insured was in military service.

Due to the determination made here that the United States is a third-party beneficiary to the policy in question, we need not reach the issue of whether the United States is entitled to subrogation with respect to the interests of Meyer and Lovato.

It is therefore ordered as follows:

(1) Defendants' motion for summary judgment is denied,

(2) Plaintiff's motion for summary judgment is granted,

(3) Defendants shall pay to plaintiff the sum of $1,172.30 as the reasonable value of expenses incurred by plaintiff in the care and treatment of Meyer and Lovato,

(4) Defendants shall pay plaintiff's costs of suit.