**UNITED STATES of America, Plaintiff-Appellee,**

v.

**CALIFORNIA STATE AUTOMOBILE ASSOCIATION and California State Automobile Association Inter-Insurance Bureau, Defendants-Appellants.**

**No. 75–1130.**

United States Court of Appeals, Ninth Circuit.

Feb. 25, 1976.

---

* Honorable A. Sherman Christensen, Senior United States District Judge, District of Utah, sitting by designation.

James L. English (argued), San Francisco, Cal., for defendants-appellants.

Michael H. Stein, Atty. (argued), Civ. Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before WRIGHT and KILKENNY, Circuit Judges, and CHRISTENSEN,* Senior District Judge.

PER CURIAM:

This appeal presents the question whether the United States may recover from an insurer of a serviceman, under a medical payments provision of the policy, for medical treatment rendered in a military hospital after an automobile accident. We affirm the district court which granted summary judgment for the government. The order of the district court sets forth the facts, issues and policy provisions and we need not repeat them here. *United States v. California State Automobile Ass'n,* 385 F.Supp. 669, 670-1 (E.D.Cal.1974).

In considering whether the United States is an "insured" within the meaning of the policy, we look first to clause (3) of the "PERSONS INSURED" portion of PART I of the policy (quoted 385 F.Supp. at 671).

The government certainly is an "organization." Ballentine's Law Dictionary 898 (3rd ed. 1969). It incurred "liability" under 10 U.S.C. §§ 1074 and 6203 to provide medical care to its Navy enlisted men, Meyer and Lovato. Had it not been for the "acts and omissions" of Meyer, the named insured, the statutory liability of the government would not have arisen.

Since the United States is an "organization [which incurred] . . . liability because of acts or omissions of an insured [Meyer]," it is without question an "insured" as that term is defined in the policy.

We agree with the district court, 385 F.Supp. at 671, that the policy draws a sharp distinction between "named insured" and "insured." While the government is not a "named insured," clearly it is an "insured." Since the insurer was obligated to pay for "expenses incurred by the insured,"[1] the government's motion for summary judgment was properly granted, there being no issue of material fact.

We need not consider whether the district court correctly ruled alternatively

---

\* Honorable A. Sherman Christensen, Senior United States District Judge, District of Utah, sitting by designation.

1. The insurer argues that the government has incurred no "expense" since it has not paid money to the injured parties for medical services. However, we are persuaded that "expense" has been incurred whether it be in the form of cash or, as here, services rendered. *See, e.g., United States v. Government Employees Insurance Co.,* 461 F.2d 58 (4th Cir. 1972).

that the United States was entitled to coverage as a third party beneficiary.[2]
AFFIRMED.

**2.** In *United States v. Nationwide Mutual Ins. Co.,* 499 F.2d 1355, 1358–59 (9th Cir. 1974), a divided panel of this court remanded for the purpose of ascertaining whether the United States was an "intended" third party beneficiary under the policy at issue. In the instant case, the plain language of the policy protects the United States as an "insured." There is in this case no need to consider whether it was "intended" that the United States be a third party beneficiary.